UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Juelithia G. Zellers, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 05-1670(RBW) |
| | ) |
| v. | ) |
| | ) |
| Ms. Terrie Warren, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR
A TEMPORARY RESTRAINING ORDER**

Defendant, by her undersigned attorneys, hereby submits the following memorandum of points and authorities in opposition to plaintiff's motion for a Temporary Restraining Order:

**Factual and Procedural Background**

Both Plaintiff and the named defendant[1] are employees of the United States Air Force. Ms. Warren is the Deputy Base Civil Engineer at Bolling Air Force Base and a supervisor of Plaintiff. On July 20, 2005, Defendant notified Plaintiff that she was being considered for a removal action. On July 21, 2005, Plaintiff filed a complaint in the Superior Court for the District of Columbia alleging that Ms. Warren had verbally threatened Plaintiff at a meeting which had occurred over two months earlier on May 13, 2005. The complaint sought a

---

[1] Pursuant to 28 U.S.C. § 2679(d)(2), the United States should be substituted for Teresa Warren in this action. Craig Lawrence, Civil Division Chief, for the United States Attorney's Office for the District of Columbia, pursuant to his delegated authority, has certified pursuant to 28 U.S.C. § 2679(d)(2) that Teresa Warren was acting within the scope of her office or employment at the time of the alleged incidents.

Temporary Restraining Order.  On August 22, 2005, the defendant in this action filed with the Clerk of the United States District Court for the District of Columbia the notice of removal and substitution of the United States as defendant in the above captioned civil action.  Also on August 22, 2005 filed with the Clerk of Court for the Superior Court of the District of Columbia a notice of filing of the notice of removal.  Attached is a copy of the Notice of Filing of Removal stamped by the Civil Clerks Office of the Superior Court of the District of Columbia as received on August 22, 2005.  Attachment 2. On August 23rd, 2005 the Superior Court for the District of Columbia issued an order granting Plaintiff's request for a Temporary Restraining Order.  On motion by the Defendant this Court vacated the Temporary Restraining Order on August 31, 2005.

## Argument

There are three alternative and independent grounds why plaintiff's request for a temporary restraining order should be denied.  First, the Court lacks jurisdiction over this case because of plaintiff's failure to exhaust her administrative remedies.  Second, even if the Court could properly entertain plaintiff's request for a temporary stay, plaintiff has not satisfied the higher standard that governs requests for such relief in cases involving federal personnel actions.  Third, even if the less stringent traditional four-part test for a stay were applicable here, plaintiff has made no showing to warrant such relief.  Each of these grounds for denial of interim injunctive relief will be discussed in turn.

    1.    **The Court Lacks Jurisdiction Over This Case.**

The alleged tort in this case occurred during a work place meeting and the Civil Division Chief, for the United States Attorney's Office for the District of Columbia, pursuant to his

delegated authority, has certified pursuant to 28 U.S.C. § 2679(d)(2) that Teresa Warren was acting within the scope of her office or employment at the time of the alleged incident. While the certification by the Attorney General's authorized representative may be challenged, in this case the facts alleged in the complaint support the certification. Therefore, substitution of the United States for the named defendant is proper.

With the United States substituted, the analysis of the Court's jurisdiction over this case must begin with recognition of the impact of the doctrine of sovereign immunity:

> It is elementary that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."

United States v. Mitchell, 445 U.S. 535, 538 (1980) (emphasis added) quoting United States v. Sherwood, 312 U.S. 584, 586 (1941). Thus, in order for plaintiff to bring her claims in this Court, she must identify the specific waiver of sovereign immunity that applies, and demonstrate that it "defines [this] court's jurisdiction" so as to include claims of that type.

While the Plaintiff characterizes this as a restraining order against Ms. Warren her actions suggest it is an attempt to prevent her supervisors from taking adverse employment actions against her. See Warren Decl ¶ 9. Regardless of whether this action is properly viewed as a tort or a personnel action, the government's waiver of sovereign immunity is conditioned on exhaustion of administrative remedies before Plaintiff may file a civil action in a federal district court. Brown v. General Services Administration, 425 U.S. 820 (1976); Kizas v. Webster, 707 F.2d 524 (D.C. Cir. 1983), cert. denied, 464 U.S. 1042 (1984) 28 U.S.C. § 2675. Disputes concerning adverse personnel actions such as removals may not be brought originally in a federal district court but must instead be resolved in accordance with the procedures set forth in the Civil

Service Reform Act. Veit v. Heckler, 746 F.2d 508, 511 (9th Cir. 1984); Coyle v. Adleman, 705 F. Supp. 48 (D.D.C. 1989). Thus, judicial review of federal personnel disputes comes only at the end of a statutorily prescribed path that begins with an administrative appeal to the Merit Systems Protection Board (hereafter the "MSPB"). United States v. Fausto, 484 U.S. 439, 454-55 (1988). Likewise, a tort action requires the filing and denial of an administrative claim with the agency. Plaintiff has not filed an administrative claim for either an employment discrimination action nor a tort.

In Wagner v. Taylor, 836 F.2d 566 (D.C. Cir. 1987), our Court of Appeals held that a district court may issue a preliminary injunction in a civil rights case prior to the plaintiff's exhaustion of administrative remedies. The court reasoned as follows:

> if the [district] court may eventually have jurisdiction of the substantive claim, the court's incidental equitable jurisdiction, despite the agency's primary jurisdiction, gives the court authority to impose a temporary restraint to preserve the status quo pending ripening of the claim for judicial review.

Id. at 571. The power to issue a stay under such circumstances was deemed "merely incidental to the [district] court's jurisdiction to review final agency action." Id. Thus, Wagner applies when a district court is asked to issue a stay in aid of its own jurisdiction.

Wagner does not apply to the instant case, however, because plaintiff has not alleged facts sufficient to establish this Court's jurisdiction over plaintiff's claims after those claims become ripe for judicial review following the exhaustion of plaintiff's administrative remedies. Plaintiff's claim does not identify the specific tort alleged to have been committed, however it appears that plaintiff is alleging an assault. The United States has not waived Sovereign immunity for most intentional torts including assault. 28 U.S.C. 2680(h). Similarly, if characterized as a personnel action, Plaintiff has not, and cannot allege facts that would amount

4

to illegal discrimination or procedural defects in any pending removal action so as to establish this Court's Jurisdiction.

2.   **Plaintiff Has Not Satisfied The Test For Preliminary Injunctive Relief That Applies In Cases Involving Federal Personnel Actions.**

While Plaintiff casts this case as an alleged tort, the timing of the request for TRO suggests that the true issue involves an employment dispute. More than two months after the alleged incident, Plaintiff filed her request for a TRO in the Superior Court. This was the day after she received a Letter of Counseling and Leave Restriction which set forth her supervisors concerns about Ms. Zellars' continuing excessive use of unscheduled leave and tardiness. Guidt Decl ¶ 6. Given the weakness of Plaintiff's claim of an alleged tort, which is contradicted by an eyewitness, *See* Jones-Sanders Decl., and the timing of the Superior Court action, this case is properly considered a federal personnel case.

In Sampson v. Murray, 415 U.S. 61 (1974), the Supreme Court established standards for interim injunctive relief in federal personnel cases that are more stringent than those applicable in other kinds of cases. Sampson involved a claim by a probationary federal employee that her proposed discharge was not in accordance with proper civil service procedures. Prior to being discharged, the employee sought a preliminary injunction prohibiting any further action until the completion of her administrative appeal. The requested injunction was issued based upon perceived irreparable injury to both the employee's income and reputation.

The Supreme Court reversed, holding that the alleged injuries fell "far short of the type of irreparable injury which is a necessary predicate to the issuance of a temporary injunction in this type of case." Id. at 91-92. The Court went on to suggest that the proper remedy was for the

employee to seek vindication through the administrative process. Sampson did recognize that a case might arise where the injuries were so severe as to warrant preliminary injunctive relief; however, as the Court explained,

> [s]uch extraordinary cases are hard to define in advance of their occurrence. We have held that as insufficiency of savings or difficulties in immediately obtaining other employment -- external factors common to most discharged employees and not attributable to any unusual actions relating to the discharge itself -- will not support a finding of irreparable injury, however severely they may affect a particular individual.

Id. at 92 n.68.

Plaintiff has offered no evidence or even raised any allegations which would meet this heightened standard. The administrative process involving plaintiff's employment and any adverse action that the government may take has just begun. In this connection, it is significant to note that Sampson was decided before the enactment of the Civil Service Reform Act in 1978. Because that statute increased the protection afforded the administrative process, there is now even greater justification for allowing "the administrative procedures to be completed before the courts undertake to consider intrusion." Garcia v. United States, 680 F.2d 29, 32 (5th Cir. 1982). Accordingly, the standard announced in Sampson properly apply to this case where a federal employee seeks preliminary injunctive relief prior to exhaustion of her administrative remedies.

Under Sampson, "[m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." 415 U.S. at 90. Furthermore,

> Sampson . . . patently stands for the proposition that there is no nexus between the strength and nature of the underlying claim and the element of irreparable harm. Such irreparable harm must be proved separately and convincingly. The burden of proof is not reduced by either the existence of an extremely strong likelihood of success or the egregiousness of the alleged wrong upon which the underlying

claim is based.

White v. Carlucci, 862 F.2d 1209, 1212 (5th Cir. 1989).    In the instant case plaintiff alleges no injuries from a failure to grant the restraining order. Plaintiff was assigned to the same office and the same building as the named defendant for two months between the alleged incident and the filing for a restraining order. Any harm that Plaintiff may allege must be judged based on the lack on injury during this delay. Plaintiff's claim is based on no irreparable harm and hence, even if the Court can properly entertain plaintiff's request for preliminary injunctive relief, this case falls squarely within Sampson's holding that such relief may not be granted under the circumstances presented here.

    **3.    Plaintiff Has Also Failed To Satisfy The Traditional Four-Part Test For A Temporary Stay.**

Even when the traditional test governing requests for a temporary stay is applicable, a preliminary injunction remains "an extraordinary equitable remedy that may be granted only upon a clear showing of entitlement." Arrow Air, Inc. v. United States, 649 F. Supp. 993, 998 (D.D.C. 1986). Under the traditional test, an interim injunction should be granted only if the moving party establishes that (1) there is a substantial likelihood that she will succeed on the merits of her claim; (2) she will be irreparably harmed absent interim injunctive relief; (3) the issuance of an interim injunction will not significantly harm the defendant or others; and (4) the public interest favors interim relief. Randolph-Sheppard Vendors v. Weinberger, 795 F.2d 90, 110 (D.C. Cir. 1986); Washington Metropolitan Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841 (D.C. Cir. 1977); Virginia Petroleum Jobbers Ass'n v. FPC, 259 F.2d 921, 925 (D.C. Cir. 1958). Assuming arguendo that this traditional four-part test applies here, plaintiff's request for preliminary injunctive relief is still insufficient because it does not satisfy those

criteria.

    A.    **<u>Likelihood of Success on the Merits</u>**

In order to obtain interim injunctive relief, plaintiff must demonstrate a substantial likelihood of prevailing on the merits of her complaint. <u>Virginia Petroleum Jobbers Ass'n</u> v. <u>FPC</u>, 259 F.2d at 925.

Plaintiff's failure to exhaust her administrative remedies is by itself sufficient reason to find that plaintiff has failed to demonstrate a likelihood of success on the merits. <u>Wallace</u> v. <u>Lynn</u>, 507 F.2d 1186, 1189 & n.15 (D.C. Cir. 1974). In order to bring a tort action under the FTCA or a Personnel action under Title VII against the Federal government a Plaintiff must exhaust administrative remedies. The purpose of the Civil Service Reform Act was to infuse and codify merit system principles within the procedures governing federal employment. <u>See</u> <u>Thomas</u> v. <u>Veterans Administration</u>, 467 F. Supp. 458, 463 (D. Conn. 1979). To this end, the statute created the MSPB, which is a quasi-judicial body charged with insuring that the provisions of the Civil Service Reform Act are obeyed. 5 U.S.C. § 1205. To aid the MSPB in this task, the statute also created the Office of Special Counsel, which is charged with the duty to investigate any allegation that a federal agency is engaged in prohibited personnel practices. 5 U.S.C. § 1206. If the Office of Special Counsel finds reasonable grounds to believe that a prohibited personnel practices has occurred, it may request the MSPB to stay the personnel action at issue pending further investigation. 5 U.S.C. § 1208. Thus, plaintiff's administrative remedies include both procedures for the adjudication of the merits of plaintiff's claims and the ability to request injunction-like interim relief. Likewise the FTCA has instituted a procedure for a claimant to adjudicate claims with the agency. Those administrative remedies were crafted

precisely to deal with any issues plaintiff may raise, and there is no basis for the Court to excuse plaintiff's exhaustion of those administrative remedies on the ground that exhaustion would be futile. To the contrary, the Court "has no right to speculate that [MSPB and the Office of Special Counsel] will make erroneous decisions which must be reversed by a Court decision." Garcia v. United States, 680 F.2d at 31. Thus, because plaintiff has made no showing that there is a likelihood of such an erroneous result, the Court need not proceed further. "It is entirely speculative to assume that the administrative agencies will deny [plaintiff] any relief to which [s]he may be entitled." Id. Moreover, as demonstrated in the following sections, plaintiff's underlying claims lack merit in any event.

**(2)     Plaintiff's Tort Allegation**

As shown in the declarations of Greta D. Jones-Sanders and Ms. Terrie Warren, which are attached hereto, plaintiff's claim that Ms. Warren threatened her during the May 13th meeting has no merit. Ms. Jones-Sanders was present during the entire conversation between Plaintiff and the named defendant and never observed Ms. Warren threaten Plaintiff or even become angry. At most, Ms. Warren raised her voice to be heard over Plaintiff's shouting. Ms. Jones-Sanders declaration establishes that no tort was committed.

**(3) The Pending Employment Action**

While Plaintiff has been proposed for removal, the deciding official is still deliberating. Guidt Decl. ¶ 7. As such there is no adverse employment action for Plaintiff to challenge in this court.

**B.     Irreparable Injury**

Our Court of Appeals has explained the concept of irreparable injury as follows:

9

>First, the injury must be both certain and great; it must be actual and not theoretical . . . the party seeking injunctive relief must show that the injury complained of is of such <u>imminence</u> that there is a clear and present need for equitable relief to prevent irreparable harm. . . .
>Implicit in each of these principles is the further requirement that the movant substantiate the claim that irreparable injury is likely to occur. . . . Bare allegations of what is likely to occur are of no value since the court must decide whether the harm will <u>in</u> <u>fact</u> occur.

<u>Wisconsin Gas Co.</u> v. <u>FERC</u>, 758 F.2d 669, 674 (D.C. Cir. 1985) (internal quotations and citations omitted, emphasis in original).

Plaintiff has not shown that irreparable harm will occur. Indeed Plaintiff's two month delay in seeking the TRO srtongly suggests that no injury is likely to occur in this case.

**B.      Harm to Defendant**

Granting the requested TRO would significantly disrupt the operation of the 11th Civil Engineer Squadron. Both the Supreme Court and our Court of Appeals have stressed the importance of granting the government "the widest possible latitude in the dispatch of its own affairs." <u>Sampson</u> v. <u>Murray</u>, 415 U.S. at 83; <u>Bishop</u> v. <u>Wood</u>, 426 U.S. 341, 349 (1976) ("The federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies"); <u>Andrade</u> v. <u>Lauer</u>, 729 F.2d 1475, 1483 (D.C. Cir. 1984) (noting the court's "general reluctance to interfere in the finely-articulated statutory/regulatory scheme governing federal personnel practices"). Ms. Warren is assigned several steps above Ms. Zellers in the 11th Civil Engineer Squadron. Warren decl. ¶ 2. The proposed restraining order would prohibit communication from Ms. Warren to the Plaintiff, as well as, physical proximity. Not only would the command have to ensure the two did not come into contact with each other, it would also have to ensure that routine communications from Ms. Warren did not reach Plaintiff. Thus, granting preliminary injunctive relief will seriously harm

the defendant.

### D. The Public Interest

Allowing plaintiff to obtain an interim injunction "wholly anticipates the administrative process and constitutes a complete denial of the strong and almost overriding principle that administrative remedies must be exhausted before relief in the courts is sought." Garcia v. United States, 680 F.2d at 31. Consequently, granting preliminary injunctive relief in this case would be contrary to the public interest because such action would effectively short-circuit the administrative procedures. Additionally with the United States involved in two armed conflicts and recovery from a major natural disaster, the public interest in the efficient operation of the Air Force is considerable.

### Conclusion

Therefore, based on the foregoing, the Court should deny the request for a temporary restraining. A proposed order consistent with the relief requested by defendant is attached hereto.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney


_____
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney

                                        KEVIN K. ROBITAILLE
                                        Special Assistant U.S. Attorney
                                        555 4th Street, NW
                                        Washington, D.C. 20530
                                        (202) 353-9895

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Juelithia G. Zellers, | ) |
| Plaintiff, | ) Civil Action No. 05-1670(RBW) |
| v. | ) |
| Ms. Terrie Warren, | ) |
| Defendant. | ) |

## ORDER

Upon consideration of Plaintiff's Request for a Temporary Restraining Order and Defendant's response thereto and the entire record of this case, it is hereby

ORDERED that Plaintiff's Request for a Temporary Restrainig Order is DENIED.

Dated this _____ day of _____, 2005.

_____
REGGIE B. WALTON
United States District Judge

Copies to:
Juelithia G. Zellers,
1708 Dennis Court
Forestville, Maryland 20747


Kevin K. Robitaille
Special Assistant U.S. Attorney

555 Fourth Street, N.W.
Washington, D.C.  20530

14

**Certificate of Service**

I certify I caused a copy of the foregoing Motion to Vacate to be served by first class mail upon *pro se* plaintiffs at:

    Juelithia G. Zellers,
    1708 Dennis Court
    Forestville, Maryland 20747

on this 29th day of August 2005.

    KEVIN K. ROBITAILLE
    Special Assistant U.S. Attorney
    555 4th Street, NW
    Washington, D.C. 20530
    (202) 353-9895