# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| Juelithia G. Zellars[1], ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 05-1670(RBW) |
| ) | |
| v. ) | |
| ) | |
| Ms. Terrie Warren, ) | |
| ) | |
| Defendant. ) | |
| ) | |

---

## MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT

Now comes defendant, the United States of America, by and through counsel, and respectfully requests, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), that the plaintiff's complaint be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. A memorandum of points and authorities in support of defendant's motion to dismiss is attached hereto as well as a Proposed Order consistent with the relief sought herein.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

_____
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney

---

[1]Plaintiff's name was inadvertently misspelled on the Government's Removal Action. The correct spelling is as shown, Zellars.

_____

_____
KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
555 4th Street, NW
Washington, D.C. 20530
 (202) 353-9895

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Juelithia G. Zellars, | ) |
|  | ) |
| Plaintiff, | ) Civil Action No. 05-1670(RBW) |
|  | ) |
| v. | ) |
|  | ) |
| Ms. Terrie Warren, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT

### I.  Introduction

Plaintiff Pro Se brings suit alleging that her superior in the Department of the Air Force committed an assault against her during a workplace meeting on Bolling Air Force Base. Plaintiff also complains of various allegedly unfair personnel actions taken against her by the Department of the Air Force.  Defendant moves pursuant to Fed R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss Plaintiffs' complaint filed on July 21, 2005 in the Superior Court for the District of Columbia and removed to the court on August 22, 2005 for lack of jurisdiction and failure to state a claim upon which relief can be granted.

This Court lacks jurisdiction over Plaintiff's claims. Plaintiff has failed to plead and prove jurisdiction.  Additionally, the facts alleged demonstrate that this court lacks jurisdiction over Plaintiff's tort claim because The United States is properly substituted as the defendant and

3

plaintiff has failed to exhaust her administrative remedies required under the Federal Tort Claims

Act, and because Plaintiff is a federal employee whose exclusive remedy is provided by the

Federal Employee Compensation Act. Finally, the court lacks jurisdiction over Plaintiff's

employment claims because Plaintiff has not exhausted her administrative remedies under either

Title VII or the Civil Service Reform Act.

## II.  Background

Both Plaintiff and the named defendant[2] are employees of the United States Air Force.

Ms. Warren is the Deputy Base Civil Engineer at Bolling Air Force Base and a supervisor of

Plaintiff.  On July 20, 2005, Defendant notified Plaintiff that she was being considered for a

removal action.  On July 21, 2005, Plaintiff filed a complaint in the Superior Court for the

District of Columbia alleging that Ms. Warren had verbally threatened Plaintiff at a meeting

which had occurred over two months earlier on May 13, 2005.  The complaint sought a

Temporary Restraining Order.  On August 22, 2005, the United States removed this action to this

Court.  On August 23rd, 2005 the Superior Court for the District of Columbia issued an order

granting Plaintiff's request for a Temporary Restraining Order.  On motion by the Defendant this

Court vacated the Temporary Restraining Order on August 31, 2005.  In a hearing held on

September 6, 2005, the Court denied plaintiff's request to renew or continue the Temporary

Restraining Order.

In addition to the Complaint filed in the District of Columbia Superior Court, Plaintiff

---

[2] Pursuant to 28 U.S.C. § 2679(d)(2), the United States should be substituted for Teresa Warren in this action. Craig Lawrence, Civil Division Chief, for the United States Attorney's Office for the District of Columbia, pursuant to his delegated authority, has certified pursuant to 28 U.S.C. § 2679(d)(2) that Teresa Warren was acting within the scope of her office or employment at the time of the alleged incidents.

has filed documents entitled "Motion to Continue Restraining Order," (docket # 10) "Motion for

Monetary and Remedies" (docket # 13) and two documents entitled "Motion to Respond to

Notice of Filing of Removal Action" (Docket #'s 6 and 12).  To the extent the Court considers

these valid motions and not denied by the Court's September 6th ruling, for the reasons stated

below the motions should be denied.

### III.  <u>Standard of Review</u>

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the legal

sufficiency of a complaint.  <u>Atchinson v. District of Columbia,</u> 73 F. 3d 418, 421 (D.C. Cir.

1996).  A complaint may be dismissed for failure to state a claim upon which relief can be

granted, if the facts pled and reasonable inferences therefrom are legally insufficient to support

the relief requested.  <u>Appleton v. United States of America,</u> 69 F. Supp. 2d 83, 86 (D. D.C.

1999).  In reviewing a motion to dismiss for failure to state a claim upon which relief can be

granted, all allegations in the complaint and all reasonable inferences that can be drawn

therefrom must be accepted as true and viewed in the light most favorable to the non-moving

party.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46  (1957); <u>Scheuer v. Rhodes,</u> 416 U.S. 232 (1974).

The court need not, however, accept as true the plaintiff's legal conclusions.  <u>See</u> <u>Taylor v. FDIC</u>,

132 F.3d 753, 762 (D.C. Cir. 1997).  From the facts alleged in the complaint, it appears beyond

doubt that the plaintiff can prove no set of facts that would entitle her to relief.

The standard of review for a motion to dismiss for lack of subject matter jurisdiction

pursuant to Rule 12(b)(1) is virtually identical to that used for 12(b)(6) motions. *See*, *e.g.*,

<u>Vanover v. Hantman</u>, 77 F. Supp. 2d 91, 98 (D.D.C. 1999).  However, the Court is free to

consider material outside the pleadings for purposes of resolving jurisdictional issues.  <u>Artis v.</u>

Greenspan, 223 F. Supp. 2d 149, 152 (D.D.C. 2002) ("[a] court may consider material outside of the pleadings in ruling on a motion to dismiss for lack of venue, personal jurisdiction or subject matter jurisdiction.") (citing  Land v. Dollar, 330 U.S. 731, 735 n.4, (1947)).  So long as the Court considers matters outside the pleadings only with respect to the issues raised pursuant to Fed. R. Civ. P. 12(b)(1) and relating to lack of subject matter jurisdiction, a motion to dismiss is not converted to one for summary judgment.  Artis v. Greenspan, 223 F. Supp. 2d at 152 n.1. Id. In the Rule 12(b)(1) context, the plaintiff bears the burden of proving jurisdiction.  Id.

## IV. **Argument**

The Complaint in this case neither provides a jurisdictional statement nor alleges facts sufficient to establish jurisdiction including a waiver of sovereign immunity.  A complaint must contain a short and plain statement of the grounds upon which the court's jurisdiction depends. FRCP 8(a); Kirkland Masonry, Inc. v. Commissioner, 614 F.2d 532, 533 (5th Cir. 1980) (Rule 8 requires "a short and plain statement of the grounds upon which the court's jurisdiction depends").  Plaintiff must "allege in [her] pleadings the facts essential to show jurisdiction." Flowers v. Exec. Office of the President, 142 F. Supp. 2d 38 (D.D.C. 2001) citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 179, (1936); FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231, (1990). Moreover, the court may not infer jurisdiction "argumentatively from averments in  pleadings," Bender v. Williamsport Area School Dist., 475 U.S. 534, 547  (1986), for jurisdiction must "affirmatively and distinctly" appear in the complaint.  Norton v. Larney, 266 U.S. 511, 515, (1925).

Despite Plaintiff's pro se status, she must meet the burden of pleading and proving the existence of subject matter jurisdiction.  McNutt v. General Motors Acceptance Co., 298 U.S.

178, 182 (1936) ("[i]t is incumbent upon the plaintiff properly to allege the jurisdictional facts");

*See* Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995) ("fact that [plaintiff] acted pro se

in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures");

While pro se litigants are allowed more latitude than litigants represented by counsel to correct

defects in service of process and pleadings, courts do not need to provide detailed guidance to

pro se litigants but should supply minimal notice of the consequences of not complying with

procedural rules. Moore v. Agency for Int'l Dev., 994 F. 2d 874 (D.C. Cir. 1993). While pro se

litigants' complaints are liberally construed they "cannot generally be permitted to shift the

burden of litigating his case to the courts, nor to avoid the risks of failure that attend his decision

to forego expert assistance." Macleod v. Georgetown Univ. Med. Ctr., 736 A.2d 977 (D.C.

1999) quoting Dozier v. Ford Motor Co., 702 F.2d 1189, 1194 (1993). See also Moore v. Agency

for Int'l Dev., 994 F.2d 874, 876 (1993) (the court "does not need to provide detailed guidance to

pro se litigants," nor does liberal treatment "constitute a license for a plaintiff filing pro se to

ignore the Federal Rules of Civil Procedure." (internal quotation omitted)). The Court in

Macleod, discussed the circumstances in which a pro se litigant should be afforded leeway. To

the extent this case meets one of these criteria the court has already provided Plaintiff with notice

of the consequences of failing to exhaust her administrative remedies, patiently explaining to

Plaintiff the need to exhaust administrative remedies and providing an overview of those

remedies during the TRO hearing on September 6, 2005.

A plaintiff's burden to properly plead jurisdiction is particularly heavy when suing the

sovereign. United States v. Mitchell, 463 U.S. 206, 212 (1983) ("the United States may not be

sued without its consent and . . . the existence of consent is a prerequisite for jurisdiction"); *See*

Swift v. U.S. Border Patrol, 578 F. Supp. 35, 37 (S.D. Tex. 1983), aff'd 731 F.2d 886 (5th Cir. 1984) ("it is incumbent upon the Plaintiff to state in his complaint the grounds upon which the sovereign consented to this suit").  As sovereign, the United States is "immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."  United States v. Sherwood, 312 U.S. 584, 586 (1941); Kelley v. Secretary of Labor, 812 F.2d 1378, 1380 (Fed. Cir.1987) (when ruling on the limits of the United States' consent to be sued, court may not "set a different rule for pro se litigants only"). Statutory waivers of sovereign immunity "are to be construed strictly in favor of the sovereign." McMahon v. United States, 342 U.S. 25, 27 (1951) (citations omitted).

Plaintiff's failure to plead and prove jurisdiction is sufficient grounds for dismissing this complaint.  The facts alleged by plaintiff do not establish this Court's jurisdiction but to the contrary preclude it.

A.    **The Court Lacks Subject Matter Jurisdiction over Plaintiff's Tort Claim in Light of the Exclusive Remedy Provisions of the Federal Employees Compensation Act**

The plaintiff is a federal employee and sustained the alleged injury in the course of her employment.  See witness statements attached to docket # 6.  Plaintiff's statement indicates that the incident occurred during a meeting called during work hours to discuss Plaintiff's request for "official time."  See docket # 6 page 10.  The disagreement that led to the alleged assault was over whether Plaintiff's official time could be done at home or had to be at the workplace. See Docket # 6 page 11.  As such, the plaintiff's exclusive remedy is pursuant to the Federal Employees Compensation Act (FECA), 5 U.S.C. §§ 8101 et seq.

FECA provides a comprehensive remedy to a federal employee for injuries "sustained while in the performance of his duty."  5 U.S.C. § 8102.   The remedy provided by FECA is the

exclusive remedy for injuries falling within its coverage.  5 U.S.C. § 8116(c) provides in part as
follows:

> (c) The liability of the United States [under FECA] . . . with respect
> to the injury or death of an employee is exclusive and instead of all
> other liability of the United States  . . . to the employee . . . because
> of the injury or death in a direct judicial proceeding, in a civil
> action, . . . or under a Federal tort liability statute. (Emphasis
> added).

As the Supreme Court has recognized, FECA's exclusive-liability provision was designed to

protect the Government from suits under statutes, such as the Federal Tort Claims Act (FTCA),

that had been enacted to waive the Government's sovereign immunity.  Lockheed Aircraft Corp.

v. United States, 460 U.S. 190, 193-94 (1983).  In enacting this provision, Congress adopted the

principal compromise commonly found in workers' compensation legislation, that employees are

guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for

litigation, but in return they lose the right to sue the government.  Id. at 193-94.

Where FECA applies, the federal courts have no jurisdiction to entertain Federal Tort

Claims Act claims asserted by injured parties.  Heilman v. United States, 731 F.2d 1104, 1109

(3d Cir. 1984); United States v. Lorenzetti, 467 U.S. 167, 169 (1984) ("Because the United

States' liability for work-related injuries under FECA is exclusive, see § 8116(c), respondent

cannot recover from the United States for losses such as pain and suffering that are not

compensated under FECA.").

All questions arising under FECA are to be decided by the Secretary of Labor.  5 U.S.C.

§ 8145.  Because FECA "seeks to provide for public employees a well-defined system of

compensation as a replacement for the expense and hazards of a tort suit, . . . unless plaintiff's

injuries were clearly not compensable under the FECA (and this is not such a case), the Secretary

of Labor must be given the primary opportunity to rule on the applicability of the Act to this case." Daniels-Lumley v. United States, 306 F.2d 769 (D.C. Cir. 1962); see United States v. Charles, 397 F.2d 712, 713 (D.C. Cir. 1968) ("where there is a substantial question whether the claim of injury comes within [FECA], resort should be had first to [that] Act.").

Here, there can be little question that the alleged injury arose out of employment. Plaintiff's Superior Court Complaint states that the incident occurred in the 11th Civil Engineer Squadron Building on Bolling AFB. Plaintiff's own statement indicates that she was called into a meeting to discuss her request for official time. See docket # 6 page 10. The disagreement that led to the alleged assault was over whether Plaintiff's official time could be done at home or had to be at the workplace. See Docket # 6 page 11.

It has long been held that "physical attacks by third parties sustained in the performance of the employee's duties are clearly covered by FECA." Caesar v. United States 258 F. Supp. 2d 1 (D.D.C. 2003) citing Tredway v. District of Columbia, 403 A.2d 732, 735 (D.C. App. 1979). Under FECA, "all that is required is that the injury result from a risk incidental to the environment in which the employment places the claimant." Tredway. at 736. Plaintiff's allegations confirm, that she was in her regular office area, performing her employment duties, speaking with a supervisor about an employment benefit immediately before Ms. Warren allegedly threatened her. Consequently, given the exclusivity of remedy under FECA, the court has no subject matter jurisdiction to entertain this tort action.

**B.     The Court Lacks Jurisdiction over Plaintiff's Tort Claims because she failed to Exhaust her administrative Remedies**

    **1. Ms. Warren Was Acting Within the Scope of Her Employment**

Even if plaintiff's tort claim were not barred by FECA, it would be barred by the doctrine

of sovereign immunity. Ms. Warren was acting within the scope of her employment at the time of the alleged tort and thus the United States is properly substituted as defendant in this action. The Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, 28 U.S.C. Sec. 2679(d) (2000), provides that federal employees are absolutely immune from state tort liability so long as the employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose. 28 U.S.C. Sec. 2679(d)(1). Thus, when a federal employee is sued for a wrongful or negligent act, the U.S. Attorney General, or by designation the U.S. Attorney in the district where the claim is brought, may certify that the employee was acting at the time within the scope of his or her employment. Id. Craig Lawrence, Civil Division Chief, for the United States Attorney's Office for the District of Columbia, pursuant to his delegated authority, has certified pursuant to 28 U.S.C. § 2679(d)(2) that Teresa Warren was acting within the scope of her office or employment at the time of the alleged incidents. The Supreme Court has held that the government's scope of employment determination under the Westfall Act is judicially reviewable regarding the substitution of the government. Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 420 (1995). However, the scope certification provides "prima facie" evidence as to the correctness of the scope ruling. Kimbro v. Velten, 30 F.3d 1501, 1509 (D.C. Cir. 1994) (adopting the Third Circuit's summary judgment-like procedure set out in Melo v. Hafer, 13 F.3d 736 (3d Cir. 1994)).

Thus, the certification "creates a rebuttable presumption that [the employee] was acting within the scope of his employment." Hosey v. Jacobik, 966 F. Supp. 12, 14 (D.D.C. 1997). "The burden therefore shifts to [the plaintiff] to come forward with 'competent evidence supporting the facts . . . necessary to support a conclusion that the defendant acted beyond the

11

scope of his employment.'" <u>Koch</u>, <u>supra</u>, 2002 US Dist. LEXIS 11090*7, quoting <u>Melo</u>, 13 F.3d at 747.

The Court of Appeals for the D.C. Circuit has noted that the scope of employment question is controlled by applicable state law--here, District of Columbia law. <u>Haddon v. U.S.</u>, 68 F. 3d 1420 (D.C. Cir. 1995). Other circuits have agreed that a plaintiff challenging the government's scope of employment certification "bears the burden of coming forward with specific facts rebutting the certification," and that the question of scope of employment is governed by state law. <u>Lawson v. U.S.</u>, 103 F.3d 59, 60 (8th Cir. 1996); <u>Singleton v. U.S.</u>, 277 F.3d 864, 870-71 (6th Cir. 2002); <u>Ross v. Bryan</u>, 309 F.3d 830, 833-34 (4th Cir. 2002); <u>McLachlan v. Bell</u>, 261 F.3d 908, 909-11 (9th Cir. 2001). If a plaintiff can raise a material dispute regarding the substance of the U.S. Attorney's determination by alleging facts that, if true, would establish that defendants were acting outside the scope of their employment, limited discovery and an evidentiary hearing may be proper. <u>Stokes v. Cross</u>, 327 F.3d 1210 (D.C. Cir. 2003). No such discovery or hearing is required here because Plaintiff's evidence does not rebut the government's certification but rather reinforces that certification.

The District of Columbia Court of Appeals has adopted the rule of the Restatement (Second) of Agency *§ 228*, which provides that the

> . . . conduct of a servant is within the scope of employment if, but only if:  (a) it is of the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; (c) it is actuated, at least in part, by a purpose to serve the master; and (d) if force is intentionally used by the servant against another, the use of force is not unexpected by the master.  Restatement (Second) of Agency, Sec. 228(1).

<u>Haddon v. U.S.</u>, 68 F. 3d  at 1423-24 (D.C. Cir. 1995).

The United States has carefully reviewed the witness statements of all persons

present at the May 13, 2005, meeting and concluded that Ms. Warren was in the scope of
her employment at all times when she met with Plaintiff.  Applying the factors set forth in
the Restatement shows this conclusion to be proper.

*The kind of work Ms. Warren was employed to perform.*  Ms. Warren is employed
as the Deputy Base Civil Engineer, the second-in-command at the 11 CES.  One of her
duties is to supervise employees below her in the organizational structure, employees like
Plaintiff.  The May 13, 2005, meeting dealing with a supervisory issue was precisely the
kind of work Ms. Warren was employed to perform.

*The act occurred substantially within the authorized time and space limits*.  This
meeting took place within during duty hours, in Ms. Warren's office, at the 11 CES
building on Bolling AFB.

*The purpose of the meeting was to serve Air Force interests*.  The purpose of the
meeting was to deal with the repeated requests of this Plaintiff to be allowed to work at
home on her personal EEO complaints.  The meeting was designed to inform Plaintiff
that her request for official time was approved, but she would be required to perform that
work at Bolling AFB and not at home.  Plaintiff was unhappy with this arrangement and
repeatedly objected, indicating her preference to receive pay to work at home on her
personal EEO complaint.  Ms. Warren did nothing more than stand up and raise her voice
in frustration to try and keep the meeting from getting out of control.

*The use of force was not unexpected.*  "In the District of Columbia and in the
common law of agency generally, scope of employment is very broad.  As the D.C.
Circuit has ruled, the acts of an agent motivated partly by self-interest – even where self-

interest is the predominant motive – lie within the scope of employment so long as the

agent is actuated by the principal's business purposes to any appreciable extent. Freiman

v. Lazur, 925 F. Supp. 14, 19 (D.D.C. 1996) (quoting Local 1814, Int'l Longshoremen's

Ass'n v. National Labor Rel. Bd., 735 F.2d 1384, 1395 (D.C. Cir. 1984)).  Under District

of Columbia law, a wide variety of intentionally tortious behavior has been held to be

within the scope of employment when it was actuated, at least in part, by a desire to serve

the employer's interest.  For example, in Brown v. Argenbright Security, Inc., 782 A.2d

752 (D.C. 2001), the D.C. Court of Appeals held that a security company could be held

liable for the acts of its employee who allegedly sexually assaulted, in the course of an

investigation, a minor whom he suspected of shoplifting.  The court held that a reasonable

jury could have found that the security guard's actions were motivated at least partially by

a desire to serve his employer, resulting in vicarious liability of the employer, particularly

since the "principal's interests" were involve to the extent that the actions in question

began with a physical search of a suspected shoplifter.  Id. at 758.  Similarly, in

Hechinger Co. v. Johnson, 761 A.3d 15 (D.C. 2000), the court found that an employee of

a retailer was acting within the scope of his employment, making the retailer vicariously

liable for his actions, when he struck a customer in the chest after the customer attempted

to remove some wood from the store without paying for it.  The court noted that the

assault grew out of a job-related controversy, and it was reasonable for the jury to

conclude that the employee's actions "were motivated by a desire to require [the plaintiff]

to pay for the wood, which he presumed to be the property of his employer," and thus that

he "acted, at least partially, by [sic] a desire to serve [the employer's] interests."  Id., 761

14

A.2d at 24.   These cases are in line with earlier District of Columbia cases finding

tortious conduct to be within the scope of employment in particular cases.  In <u>Lyon v.</u>

<u>Carey</u>, 533 F.2d 649 (D.C. Cir. 1976), the court upheld a jury verdict that a mattress

deliveryman acted within the scope of his employment when he assaulted and raped the

plaintiff immediately following a dispute over his delivery of, and her payment for, a

mattress.  In <u>Johnson v. Weinberg</u>, 434 A.2d 404 (D.C.1981), the D.C. Court of Appeals

ruled that a laundromat could be liable for injuries inflicted when an employee shot a

customer over missing shirts.  Recently this Court concluded that a Federal employee was

acting within the scope of her employment when she allegedly slammed a door into her

coworker after a dispute over a project the two were working on. <u>Caesar v. United States</u>,

258 F. Supp 2d. 1 (D.D.C. 2003).  In each case, because the conduct was "triggered by a

dispute over the conduct of the employer's business," the court held that the employee's

actions were within the scope of employment.   <u>Haddon</u>, 68 F.3d at 1425.   The force

alleged here was vastly less than in any of these cases and is alleged to have been

triggered by Air Force business.  Therefore, under District of Columbia law, there can be

no material dispute about whether or not Ms. Warren was acting within the scope of her

employment on May 13, 2005.

**C.     The United States Has Not Waived Sovereign Immunity for the Tort of**
**Assault**

  Plaintiff has alleged that she was injured by an assault.  *See* Complaint ("She

rushed twice toward me, as to indicate she was going to hurt me").  The United States has

not waived its sovereign immunity with respect to such claims.

  Claims against the United States are barred by sovereign immunity unless there is

an applicable statutory waiver. Although the Federal Tort Claims Act is a waiver of

sovereign immunity, certain types of claims are excepted from its coverage. One such

exception is for any "claim arising out of assault [or] battery." 28 U.S.C. § 2680(h).

Section 2680(h) states in pertinent part:

> The provisions of [the Federal Tort Claims Act] and §
> 1346(b) of [Title 28] [granting jurisdiction to district courts
> for tort suits against the United States] shall not apply to:
> (h) any claim arising out of assault, battery, false
> imprisonment. . .

Accordingly, the plaintiff may not maintain a claim against the United States for assault

and her Tort claim should be dismissed.[3]

While Plaintiff does not use the term assault, under the FTCA, the court must look

beyond the language used in the complaint to "scrutinize the alleged cause of the injury."

Kugel v. United States, 947 F.2d 1504, 1506-07 (D.C. Cir. 1991). In Kugel, the plaintiff

claimed that FBI agents negligently initiated and conducted an investigation of him,

which led to various losses when word of allegations against Kugel, but not of the fact

that he was cleared, was disseminated. While the complaint did not claim defamation, a

tort excepted under 28 U.S.C. § 2680(h), the D.C. Circuit held that, when the cause of

Kugel's injury was examined, it appeared that it arose from defamation and not from

negligent execution of an investigation. On that basis, the court dismissed the FTCA

---

[3] This does not mean that plaintiff can pursue remedies outside the context of the FTCA, for example by suing the alleged tort-feasor under common law. Rather, where the complaint alleges a tort by a government employee acting within the scope of her duties, both the United States and the federal employee "are immune from common law action" because of the exclusive remedy provision of the FTCA, even where the FTCA does not provide redress for the alleged tort. Simpkins v. District of Columbia Government, 108 F.3d 366, 371 (D.C. Cir. 1997).

claim.

Similarly, in the instant case, the injury that the plaintiff claims to have suffered arose from an alleged assault.  "An individual is subject to liability for assault if 1) he acts intending to cause a harmful or offensive contact with the person of the other . . ., or an imminent apprehension of such a contact; and 2) the other is thereby put in such imminent apprehension. Richardson v. U.S. Dep't of Interior, 740 F. Supp. 15, 26 (D.D.C. 1990) citing Restatement of Torts (Second) § 21 (1965).  Plaintiff alleges that Ms. Warren intentionally placed Plaintiff in imminent apprehension of a harmful touching and therefore, plaintiff's claim falls squarely within the parameters of the FTCA.  The claim does not arise out of negligence but rather out of the alleged intentional action of Ms. Warren, which is an alleged assault by offer that is barred by sovereign immunity.

**D.    PLAINTIFF'S TORT CLAIM TO THE EXTENT COVERED UNDER THE FEDERAL TORT CLAIMS ACT MUST BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES.**

Even assuming that Plaintiff's tort claim legitimately stated a cause of action for which the FTCA does provide a waiver of sovereign immunity, the claim must be dismissed because the Plaintiff failed to exhaust mandatory administrative remedies under the FTCA.  This failure divests the Court of subject matter jurisdiction over the tort claim.[4]

The FTCA provides that "an action shall not be instituted against the United States for money damages for . . . personal injury . . . caused by the negligent or wrongful

---

[4]  Claims that fall outside the FTCA are not subject to the exhaustion requirement. Simkins v. United States, supra, 108 F.3d at 371.

act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency." 28 U.S.C. § 2675(a).  This requirement is jurisdictional.  Simkins v. District of Columbia Government, 108 F.3d 366, 371 (D.C. Cir. 1997) ("the Supreme Court has held that the 'FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.'") (quoting McNeil v. United States, 508 U.S. 113 (1993)).

    Plaintiff does not allege in any of her filings that she has exhausted her administrative remedies under the FTCA.  In fact, Plaintiff acknowledged her failure to file an FTCA claim during the September 6th hearing.  The attached declaration of Colonel Gregory Girard, the Chief, tort Claims and Litigation Division, Air Force Legal Services Agency, demonstrates that Ms. Warren did not file an administrative claim prior to her filing suit. See Defendant's Exhibit 1; hereinafter DEX #.  Accordingly, to the extent her claims are cognizable under the FTCA, her complaint must be dismissed for failure to comply with this jurisdictional requirement.  Verner v. United States, 804 F. Supp. 381, 384 (D.D.C. 1992); Knowles v. United States, 2005 U.S. App. LEXIS 6568 (D.C. Cir. 2005).

**F.     The Court Lacks Jurisdiction over Plaintiff's Claims Regarding Any Adverse Personnel Action.**

    Plaintiff's initial complaint in the Superior Court alleged a tort and requested a temporary restraining order.  In subsequent filings, Plaintiff complains of a variety of personnel actions allegedly taken against Plaintiff.  See Plaintiff's Motion for Monetary

Remedies.  Indeed the timing of Plaintiff's filing of this complaint, more than two months after the alleged assault but only one day after a July 20, 2005, letter from Plaintiff's supervisor informing her she could face removal from her position if she did not begin reporting to work on a regular basis or submit adequate medical evidence to justify her absences, (See DEX 2) suggests the tort action was simply a pretext to bring an employment complaint.    However, the Court lacks jurisdiction over Plaintiff's employment related claims.

Disputes concerning adverse personnel actions such as removals may not be brought originally in a federal district court but must instead be resolved in accordance with the procedures set forth in the Civil Service Reform Act (CSRA), 5 U.S.C. Sec. 7101 et. seq.  Veit v. Heckler, 746 F.2d 508, 511 (9th Cir. 1984); Coyle v. Adleman, 705 F.Supp. 48 (D.D.C. 1989).  The CSRA provides remedies for federal employees who have cognizable claims of mistreatment by their supervisors.  The purpose of the CSRA was to infuse and codify merit system principles within the procedures governing federal employment.  See Thomas v. Veteran's Affairs, 467 F. Supp. 458, 463 (D.Conn. 1979). To this end, the statute created the Merit Systems Protection Board (MSPB), which is a quasi-judicial body charged with insuring that the provisions of the CSRA are obeyed. 5 U.S.C. Sec. 1205.  To aid the MSPB in this task, the statute also created the Office of Special Counsel (OSC), which is charged with the duty to investigate any allegation that a federal agency is engaged in prohibited personnel practices.  5 U.S.C. Sec. 1206.  Thus, judicial review of federal personnel disputes comes only at the end of a statutorily prescribed path that begins with an administrative appeal to the MSPB.  U.S. v. Fausto,

484 U.S. 439, 454-55 (1988).  The U.S. Supreme Court, in <u>Bush v. Lucas</u>, 462 U.S. 367,

385 (1983) stated:

> Federal civil servants are now protected by an elaborate, comprehensive scheme that encompasses substantive provisions forbidding arbitrary action by supervisors and procedures - administrative and judicial - by which improper action may be redressed.  They apply to a multitude of personnel decisions that are made daily by federal agencies.  . . .  As the record in this case demonstrates, the Government's comprehensive scheme was costly to administer, but it provided meaningful avenues to seek remedies for perceived injustices.

The Supreme Court thereafter declined "to create a new substantive legal liability without

legislative aid . . . because we are convinced that Congress is in a better position to decide

whether or not the public interest would be served by creating it."  Id. at 390.

There are two basic prerequisites for the MSPB to have jurisdiction. The appellant must

be an employee with a statutory right to appeal 5 U.S.C. § 7701(a); 5 U.S.C. § 7511(a) and there

must be an appealable action. 5 U.S.C. § 7701; 5 U.S.C. § 7511. Prior to Plaintiff filing the

instant action, she did not have a personnel action appealable to the MSPB.  See DEX 3.  On

September 6, 2005, Plaintiff was notified that she was being removed from employment effective

September 9, 2005.  This action is appealable to the MSPB and while Plaintiff has indicated a

desire to appeal the decision, she has yet to do so.  DEX 3.  This failure to exhaust requires

dismissal of this action.

For non-discrimination claims, this court would not have jurisdiction over Plaintiff's

claims even following exhaustion.  Title 5 U.S.C. §7703 requires that review of final orders or

final decisions of the MSPB that do not involve discrimination shall be filed in the United States

Court of Appeals for the Federal Circuit.  Even had Plaintiff exhausted her administrative

remedies, this Court would still lack jurisdiction.

**G.    To the Extent Plaintiff's Complaint Raises a Claim of Employment
        Discrimination, The Court Lacks Jurisdiction Because Plaintiff Has Failed to
        Exhaust Her Administrative Remedies.**

The basis of Plaintiff's employment claims is unclear from her filings.  Plaintiff lists a

long list of alleged actions and states that they were taken "without reason."  Plaintiff never

alleges unlawful bias as the reason for any adverse action.  However, out of an abundance of

caution, defendant will address her claim as arising under Title VII of the Civil Rights Act of

1964, as amended, 42 U.S.C. Sec. 200e, et seq.

Regarding employment discrimination claims, it is well established that timely

exhaustion of administrative remedies is a prerequisite to the filing of a civil suit asserting claims

of employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended,

42 U.S.C. Sec. 200e, et seq. Brown v. General Services Administration, 425 U.S. 820, 832

(1976); Lockamy v. Truesdale, 182 F. Supp. 2d 26, 31 (D.D.C. 2001); 42 U.S.C. § 2000e-16(c).

A final agency decision (FAD) is a prerequisite to filing a discrimination complaint

against an agency.  Federal regulations require that an appeal of an agency's (FAD), must be filed

within 30 days of the receipt of that final action. 29 C.F.R. § 1614.402(a).  A complainant may

alternately bring suit in district court within 90 days of the receipt of that final action. 42 U.S.C.

§ 2000e-16(c).  Finally, a complainant may bring suit 180 days after initially filing a formal

complaint with the agency, if the agency has failed to act.  If the complainant elects to file with

the EEOC he or she may file suit in district court 180 days after filing with the Equal

Employment See Knopp v. Magaw, 9 F.3d 1478, 1479 (10th Cir. 1993) (citing 42 U.S.C. §

2000e-16(c)).  The D.C. Circuit has held that authorizing suits prior to the expiration of 180 days

would undermine "Congress' unambiguous policy of encouraging informal resolution of charges up

to the 180th day." <u>Martini v. Fannie Mae</u>, 78 F.3d 1336, 1347 (D.C. Cir. 1999).   Well-settled law mandates that constitutional claims regarding federal employment discrimination are barred because Title VII is the exclusive, preemptive remedy.  <u>See</u> <u>American Postal Workers Union v. United States Postal Service</u>, 940 F.2d 704, 708-709 (D.C. Cir. 1991).  That role serves to encourage "quicker, less formal, and less expensive resolution of disputes within the federal government and outside of court."  <u>West v. Gibson</u>, 527 U.S. 212, 218-219 (1999).

Although Plaintiff has filed numerous EEO complaints, her complaints arguably related to this case, those involving Ms. Warren, have all been filed within the past 180 days and are awaiting final decisions.  See DEX 4.  Since the Plaintiff failed to exhaust her administrative remedies, under Title VII, regarding any alleged discrimination by the Air Force or its personnel, this lawsuit should be dismissed.

## V.  CONCLUSION

This Court lacks Jurisdiction over Plaintiff's claims.  Her tort claims are precluded by the exclusive remedy provisions of the FECA, and should be dismissed with prejudice on that basis. Moreover, because the United States retains its immunity for assault claims, her tort claim should be dismissed with prejudice.  Even if Plaintiff's complaint could be found to raise a negligence claim, she has failed to exhaust her administrative remedies under the FTCA, and her claim is subject to dismissal on that ground as well.  To the extent Plaintiff has raised an employment related claim, she has failed to exhaust her administrative remedies under either Title VII or the CSRA and her claim therefore must be dismissed.  For all of the foregoing reasons, this action must be dismissed.

Respectfully submitted,

22

_____                    _____
                                             KENNETH L. WAINSTEIN, DC Bar #451058
                                             United States Attorney

                                             _____
                                             R. CRAIG LAWRENCE, DC Bar #171538
                                             Assistant United States Attorney


Of Counsel:                                  By _____
ARTHUR G. KIRKPATRICK                             KEVIN K. ROBITAILLE
Major, USAF                                       Special Assistant U.S. Attorney
Trial Attorney                                    555 4th Street, NW
General Litigation Division                       Washington, D.C. 20530
1501 Wilson Blvd, 7th Floor                       (202) 353-9895
Arlington, VA 22209-2403

23

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| Juelithia G. Zellars, | ) |
|  | ) |
| Plaintiff, | ) Civil Action No. 05-1670(RBW) |
|  | ) |
| v. | ) |
|  | ) |
| Ms. Terrie Warren, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

**ORDER**

Upon consideration of Defendant's Motion to Dismiss and the opposition thereto, and the Court having considered the entire record herein, it is, this _____ day of _____, 2005,

ORDERED that Defendant's motion is GRANTED, and it is further

ORDERED that judgment shall be entered for Defendant, and that this matter is

hereby DISMISSED WITH PREJUDICE.

This is a final, appealable order.

_____
REGGIE B. WALTON
United States District Judge

Copies to:
Juelithia G. Zellars,
1708 Dennis Court
Forestville, Maryland 20747

Kevin K. Robitaille
Special Assistant U.S. Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530

Certificate of Service

I certify I caused a copy of the foregoing Motion to Dismiss to be served by first class mail upon pro se plaintiffs at:

       Juelithia G. Zellars,
       1708 Dennis Court
       Forestville, Maryland 20747

on this 29th day of September 2005.

                    KEVIN K. ROBITAILLE
                      Special Assistant U.S. Attorney
                  555 4th Street, NW
                    Washington, D.C. 20530
                    (202) 353-9895