# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Juelithia G. Zellars<br>1708 Dennis Court<br>Forestville, Maryland 20747<br><br>      Plaintiff,<br><br>v.<br><br>Ms. Terrie Warren,<br>11th Civil Engineer Squadron<br>Deputy Base Civil Engineer<br>370 Brookley Avenue<br>Bolling AFB, Wash DC 20032<br><br>      Defendant | )<br>)<br>)<br>)<br>) Civil Action No. 05-1670- (RBW)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## OPPOSITION OF DEFENDANT'S MOTION TO CEASE TEMPORARY RESTRAINER ORDER

Within the scope of the obligations that the master and servant have to each other, the master is liable for any tort, a civil wrong which results in the injury to another person. However, the master is liable for a servant's action within the scope of the employment, respondeat superior, "Let the master answer." Ms. Terri Warren, Deputy Base Civil Engineer at Bolling Air Force Base, in regards to this incident is considered a servant, and the U.S. Federal Government is liable for Ms. Warren's actions, U.S. Federal Government/United States meaning, master. If an employee is injured at work because of the master's own negligence, the employer is legally responsible for those injuries. The employer is liable for negligent hiring, for carelessly hiring Ms. Terri Warren who injured a third party, Ms. Juelithia G. Zellars. Therefore, the United States should not be substituted for Terri Warren nor (Teresa Warren, as indicated on footnote 1, of Defendant's Opposition.

1

## Factual and Procedural Background

The Defendant, Ms. Warren has committed reprisal against the Plaintiff since May 13, 2005, and continues harassing the Plaintiff by damaging the Plaintiff's career by depriving her of training and development and placing stress on the Plaintiff to affect her health. Plaintiff request assistance. The Defendant has placed the Plaintiff on AWOL while on sick or other leave, Leave Restrictions, Letters of Counseling without reason, garnishing her wages without cause, the Plaintiff is not given any work assignments without cause, however, the Plaintiff, continues to asks for assignments. The Defendant without cause will not give the Plaintiff any work. Leadership upon her command are following her tone to hinder the Plaintiff's career and health. Previously, the Defendant removed the Plaintiff from her previous position in August '2004, without cause and the Plaintiff had received a 9 on her evaluation in '2003 for Outstanding, for Management in that position. The Defendant has not granted the Plaintiff an evaluation for the year '2004-'2005 and the Defendant has tried to belittle the Plaintiff and make her feel useless. The Plaintiff has suffered enough and has a neurological problem and is presently under doctor's care. On May 13, 2005, the Plaintiff condition was aggravated by the supervisor, Defendant, Ms. Terri Warren.

Ms. Warren had violated the Code of Conduct DoD 5500.7-R, the Joint Ethics Regulation and Air Force Instr.36-703, Ref: Standards of Conduct and individual responsibility applicable to government service. Harassment, violent gestures, expressions or malicious behavior that communicate a direct or indirect threat of physical harm are consider as federal offenses, and therefore, are not tolerated by the Federal Government.

2

The Plaintiff hereby attaches military police reports affidavits that were submitted to the base military police right after the incident on May 13, 2005. It is expected that the Defendant would purposely lie and be on the defensive, but the truth will prevail. It is the request of the Plaintiff that the court rules only on the Temporary Protection Order, (TRO) and remedies. The other issues at hand are pending, and will be dealt with accordingly, and appropriately at a later date, until such time the Plaintiff actually confronts the court in suit, and when it has been officially established whether the Plaintiff has or has not exhausted all administrative procedures. The Defendant delivery is based on total speculation. The Plaintiff's original complaint involved a Temporary Restraining Order (TRO) and remedies. The TRO is to prevent one person from committing certain acts against another or others and is applied to acquaintances or co-worker(s). Plaintiff's request that Continuation of the Temporary Restraining Order remains in effect for two years for protection. The Plaintiff was placed in an abusive work environment over one year. The Plaintiff gained strength, and sort relief on July 21, 2005, at the Superior court for the incident of May 13, 2005, 2 months and 8 days later after the incident. The Plaintiff would had seek relief earlier but, was on sick leave due to her condition was aggravated by Ms. Terri Warren's actions. Ms. Warren actions as servant was totally unethical, tort and cause injury to the Plaintiff, and the Government is liable. The Plaintiff reported the incident to her supervisor, MSgt Tracy Johnson, CEOE, the next day, he granted sick leave for her absences, due to the assault by Ms. Terri Warren. See Med.certs. "The incident took place on May 13, '05 in Washington, DC, 11th Civil Engineer Sq, Bldg. 370 Brookley Ave, Bolling AFB. Ms. Warren, 11 CES/CD became angry, raised her voice and pointed-her fingers at the Plaintiff, she rush twice towards me, as to indicate she was going to hurt me. I thought she was going to hurt me-do-some type of bodily harm." See Plaintiff's witnesses

3

statement, Mr. Lepree, Patrol Response and Plaintiff's statements Defendant's --Jones-Sanders, G.

There are several facts that never were elaborate into the record: See Zellars & (sworn testimonies)

1. **Patrol Response: (EXEC) dt: 5/13/05,** See lines 17 and 19. "....Warren who chose not want to make a statement but verbally stated she was having a conversation with Zellars that became heated. Warren also verbally stated she walk around her desk towards Zellars and pointed her finger at Zellars to which Zellars felt threatened.

   See Mr. Lepree's statement: dt: **5/13/05**, 2nd page, 24th line: " ....Ms. Warren forceably charged in Ms. Zellars direction waving her finger and raising her voice, even more. Ms. Zellars raised he hands and said she felt threatened by Ms. Warren's advancement..... "

   See Ms. Greta Jones-Sanders' statement: dt: **5/13/05**, 2nd page, 35th line ".....I was writing and looking down when out of the side of my left eye I say Ms. Warren stepped forward approximately four feet in front Ms. Zellars..pg. 3, 18th line,..Ms. Warren tone of frustration..

   See Ms. Terri Warren's statement: dt: **9/03/05**, 3rd page, 9th line "When I did so I moved forward and use a more stern tone of voice.....A conference table remained between myself and Ms. Zellars and Mr. Lepree was standing directly to my left and blocking the path around the chair in Ms. Zellars direction.....Ms. Zellars called the base Security Forces squadron to report the threat."

## Argument

Warren:
Note: Ms. Warren said, in her own words: ..... "she used a more stern tone of voice" ....the Merriam-Webster Dictionary states that stern means: severe and severe means strict in discipline, causing distress and esp. physical discomfort or pain, a wound, hard to endure, serious, and depression..... Ms. Warren, said, a conference table remained between she and I, and the Mr. Lepree was standing directly to her left and blocking the path around the chair in Ms. Zellars direction. Ms. Greta Jones-Sanders said, Ms. Warren stepped forward approximately four feet in front of Ms. Zellars.....Ms. Sanders never said anything about Mr. Lepree blocking the path in Ms. Zellars direction.

Ms. Warren admits the threat, she said I called the Security Forces to report the threat.
It is reported that Ms. Warren did not want to give a report in writing but verbally, 3 mos. 21 days to give a testimony in writing, this means she had plenty of time to collaborate.

Sanders: Ms. Sanders is looking down using side of her left eye to see with:
Ms. Greta Jones-Sanders' statement of 5/13/05, states that she was writing and looking down when out of the side of her left eye she saw Ms. Warren stepped forward approximately four feet in front of Ms. Zellars. Ms. Warren's tone...was one of frustration--meaning defeated.

The incident was to the right of Ms. Sanders not the left, and if she was looking down, while writing and seeing out of the side of her left eye, how could see the incident on her right side.

4

## **Conclusion**

I believe, I should not be the only one concerned about this incident, and I don't believe this is the first time Ms. Warren has committed a tort. With the grace of God, I came forth to informed the superiors what had happen. I emailed, along with a Privacy Act cover sheets to Col Dennis Jasinski, Colonel, Commander, 11th Civil Engineer Squadron, Bolling AFB, on September 16, 2005, see fax coversheet; Cheri Andino, Colonel, Mission Support Command, see fax coversheet dt. September 16, 2005, Duane Jone, Colonel, 11 Wing Command, see fax coversheet dt. September 16, 2005, Ref. the incident, as of this date, no response.

I have exhausted the administrative procedures and in a timely manner. I have been Wrongfully terminated from my position and from the Federal Government on September 9, 2005, and I had just appeared in Court for an emergency TRO hearing on September 6, 2005. I am presently appealing the Wrongful Termination. The Temporary Restrainer Order is needed for at least 2 years and I am requesting to continue to have this case remain open, even I have been Wrongfully Terminated at this time, received word that the hearing thereof will take place next month. I am not sure if I will be reinstated to the exact same position. However, I would not want future occurrences. The Temporary Restrainer Order did not effect my workplace, but person, and home, this is what I am requesting, see attached. I would appreciate if, an injunction remedy is granted. Remedies, previous TRO, attached. It is the request of the Plaintiff that the court rules only on the Temporary Protection Order, (TRO) remedies and injunction remedy.

Therefore, based on the foregoing, the Court should grant the request for a Temporary Restraining Order. A proposed order consistent with the relief requested by Plaintiff is attached hereto.

Respectfully submitted,

JUELITHIA G. ZELLARS
1708 Dennis Court
Forestville, Maryland 20747/ (301) 324-1107

5

## CERTIFICATE OF SERVICE

The undersigned certifies that the enclosed Plaintiff's Opposition for Plaintiff's Motion to Continue Temporary Restrainer Order and Plaintiff's Motion For Remedies, Plaintiff's Motion of Attachments Submitted on October 28, 2005 to be mailed by first class mail on October 28, 2005. ~~31, 2005~~ to:

Kevin K. Robitaille
Special Assistant U.S. Attorney

August 31, 2005  _____
JUELITHIA G. ZELLARS
1708 Dennis Court
Forestville, Maryland 20747
(301) 324-1107