| 58 | 1548 | **PATROL RESPONSE:**  (EXEC) |
|----|------|------|

**LOCATION:** Bldg 371/11 CES
**COMPLAINANT:** Civ ZELLARS, Julethia/11 CES/CED/DP: 202-767-1210
**WITNESS #1:** Civ LEPREE, Bryan K/11 CES/CECR/DP: 202-767-4539
**WITNESS #2:** Civ JONES-SANDERS, Greta D/11 CES/CERM/DP: 202-767-8629
**SUBJECT:** Civ WARREN, Teresa/11 CES/CD/DP: 202-767-5566
**SUMMARY:** SMSgt JONES/SFO telephoned this office requesting patrols respond to the above location due to a verbal altercation. Lt GAMMA/Delta-1, TSgt PEREZ/Police-1 and TSgt BROWN/Papa-2 were briefed and dispatched. At 1551 hrs, GAMMA, PEREZ and BROWN arrived on scene and made contact with ZELLARS. ZELLARS verbally stated this has been an ongoing situation. ZELLARS stated via AF FM 1168, she had a meeting with WARREN and JONES-SANDERS in reference to a request that was made concerning ZELLARS' leave. ZELLARS also stated she requested LEPREE attend the meeting as a witness on her behalf. LEPREE stated via AF FM 1168, during the meeting WARREN became irate when she stated she would not sign the request. ZELLARS' further stated WARREN continued to raise her voice and pointing her finger at ZELLARS and approached her within three feet of where she was standing. ZELLARS stated she felt threatened by WARREN and backed up toward the wall away from WARREN. ZELLARS continued to say at least four times, she told WARREN to back up as she moved away from her because she felt threatened. GAMMA and PEREZ then made contact with WARREN who chose not to make a statement but verbally stated she was having a conversation with ZELLARS that became heated. WARREN also verbally stated she walked around her desk towards ZELLARS and pointed her finger at ZELLARS to which ZELLARS felt threatened. PEREZ referred ZELLARS to the Metropolitan Police Department (MPD) and Equal Employment Opportunity office to pursue further actions. Three AF FM 1168s were accomplished. Terminated at 2045 hrs, all in order.
**NOTIFICATIONS:** Maj GREENROAD/CSF, Capt REIDEL/SJA, Capt THOMAS/SFO, SMSgt JONES/SFO, MSgt DANIELS/SFOX, MSgt WILSON/MEO and SrA BROWN/CP  (DLB)

SSgt Dennis Owen   -   NCOIC, Reports + Abalysis
(202) 767-5717

# STATEMENT OF SUSPECT/WITNESS/COMPLAINANT

SUSPECT ☐
WITNESS/COMPLAINANT ☒

## PRIVACY ACT STATEMENT

AUTHORITY: 10 U.S.C. 8013; 44 U.S.C. 3101; and EO 9397

PRINCIPAL PURPOSES: Used to record information and details of criminal activity which may require investigative action by commanders, supervisors, security police, AFOSI special agents, etc.; and to provide information to appropriate individuals within DoD organizations who ensure proper legal and administrative action is taken.

ROUTINE USES: Information may be disclosed to local, county, state, and federal law enforcement/investigative authorities for investigation and possible criminal prosecution or civil court action. Information extracted from this form may be used in other related criminal and/or civil proceedings.

DISCLOSURE IS VOLUNTARY: SSN is used to positively identify the individual making the statement.

## I. STATEMENT INFORMATION

| DATE (YYYYMMDD) | TIME | LOCATION AND INSTALLATION (Bldg/Room No) | UNIT TAKING STATEMENT | REPEAT (If known) |
|---|---|---|---|---|
| 20050513 | 1635 | Bld. 370 2nd Floor Conference Rm. #201 Bolling AFB, D.C. | 11th SFS | OFFENSE ☐ COMPLAINT ☒ |

## II. PERSONAL IDENTIFICATION (Print or Type)

| NAME (Last, First, Middle Initial) | SSN | STATUS/GRADE |
|---|---|---|
| ZELLARS, JUELITHIA G. | 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 | AF CIVILIAN |

| LOCAL ADDRESS (Include Zip Code) | DATE AND PLACE OF BIRTH (If required) | TELEPHONE |
|---|---|---|
| 1708 DENNIS CT. FORESTVILLE, MD. 20747 | 19520817 WASHINGTON D.C. | HOME 301 324-1107  DUTY 202 767-1210 |

| PERMANENT ADDRESS OR HOME OF RECORD (Include Zip Code) | MILITARY ORGANIZATION/EMPLOYER | DEROS |
|---|---|---|
| SAME AS ABOVE | 11th CES/COE Contracting Office | 20051027 |

### SPONSOR INFORMATION

| NAME (Last, First, Middle Initial) | GRADE | SSN | ORGANIZATION | DUTY PHONE |
|---|---|---|---|---|
| | | | | |

## III. ACKNOWLEDGEMENT OF OFFENSES AND 5TH AMENDMENT/ARTICLE 31 RIGHTS ADVISEMENT (Suspect Only)

I have been advised that I am suspected of the following offenses:

| ADVISED BY (Full Name and Rank) | INDIVIDUAL IDENTIFIED HIMSELF/HERSELF AS A (SF, special agent, etc.) |
|---|---|
| | |

| SUSPECT INITIALS | and advised me that I have the following rights according to the 5th Amendment of the U.S. Constitution/Article 31 of the Uniform Code of Military Justice. |
|---|---|
| | I have the right to remain silent - that is to say nothing at all. |
| | Any statement I make, oral or written, may be used as evidence against me in a trial or in any other judicial, non-judicial, or administrative proceedings. |
| | I have the right to consult with a lawyer. |
| | I have the right to have a lawyer present during this interview. |
| | I may obtain a civilian lawyer of my own choice at no expense to the government. |
| | I may request a lawyer any time during this interview. |
| | If I decide to answer questions with or without a lawyer present, I may stop the questioning at any time. |
| | MILITARY ONLY: If I want a military lawyer, one will be appointed for me free of charge. |
| | CIVILIANS ONLY: If I cannot afford a lawyer and want one, a lawyer will be appointed for me by civilian authorities. |

| SUSPECT INITIALS | I have read my rights as listed above and I fully understand my rights. No promises, threats, or inducements of any kind have been made to me. No pressure or coercion has been used against me. I make the following choice. (Initial One) |
|---|---|
| | I do not want a lawyer. I am willing to answer questions or make a statement or both, about the offense(s) under investigation. |
| | I do not want a lawyer and I do not wish to make a statement or answer any questions. |
| | I want a lawyer. I will not make any statement or answer any questions until I talk to a lawyer. |

I fully understand my rights and that my signature does not constitute an admission of guilt.

| SIGNATURE OF SUSPECT | SIGNATURE OF WITNESS/INTERVIEWER |
|---|---|
| | |

AF FORM 1168, 19980401 (IMT-V1)          PREVIOUS EDITIONS ARE OBSOLETE.          PAGE 1 OF 7 PAGES

**IV. STATEMENT**

On 5/13/05 approx 3:20p. Ms. Greta Jones Sanders came to my desk informing me that she was ready to see me, and she would be down the hall. I was on the telephone at the time speaking to EEO. Ms. Greta Sanders, I believed at that time wanted to speak about a response I was waiting for from her, in refers to Official Time that I had requested. After I got off the phone I went to my superior (MSgt Johnson) first, to tell him that had an appt. with EEO. Mon 5/16/05, approx 8:00A, and interm I had another question, but his phone ranged. I informed him I would see him later. I started in the direction that Ms. Sanders said she would be in. Ms. Sanders was in Ms. Terri Warren's office. Ms. Warren's office door was open, I entered into Ms. Warren's office Ms. Warren was there as well. I thought there was just going to be Ms. Sanders & I. Ms. Warren started speaking about why she wanted to see me and that she had two documents, she wanted me to sign. the first document refer to Official Time and the second refer my Core Doc. She started summarized the Official Time document, I do not really know what the document actually said because, I did not get a chance to read it. I asked Ms. Warren if I could have a witness, because she had Ms. Sanders with her, and I would like to have someone with me. Both Ms. Sanders & Ms. Warren said, "yes", at the same time. I then proceeded out Ms. Warrens office. I looked around upstairs first & found my self downstairs. I saw Mr Bryan Lepree at his desk. I asked if he would be a witness for me in Ms. Warren's office, he said, "yes." I told him that she was present. Nearby sat Mr Kirtland, CEOE, at the computer, I am not sure

**V. OATH/SIGNATURE**

"I hereby voluntarily and of my own free will make this statement without having been subjected to any coercion, unlawful influence, or unlawful inducement. I swear (or affirm) I have read this statement, initialed all pages and corrections, and it is true and correct to the best of my knowledge."

SIGNATURE OF PERSON MAKING STATEMENT

SIGNATURE OF WITNESS/INTERVIEWER

Subscribed and sworn to before me, a person authorized by law to administer oaths, this **13TH** day of **MAY**, **2005** (year).

SIGNATURE OF PERSON ADMINISTERING OATH

**VI. INSTRUCTIONS FOR CONTINUATION PAGE(S)**

Use plain bond paper (both sides optional). At the top right of each page, print or type "(Last name of individual making the Statement) on (Date)." At the bottom of each page, print or type: "Page ____ of ____ Pages." The individual must initial the top and bottom entries and sign his/her name at the bottom of each page.

AF FORM 1168, 19980401  (REVERSE) (IMT-V1)

PAGE 2 OF 4 PAGES

If he had he came me, me, Mr. Kirkland, he turn to look at Mr. Lepree to see who he was & I walked passed Mr. Kirkland, he turn to look at Mr. Lepree to see who he was me Lepree & I went to Ms. Warren's office, as soon as Ms. Warren saw Lepree, she showed dislike for him and concerned. She asked Ms. Sanders, why should he be here; Ms. Sanders said he is just an intern (she said his title) in which I am not sure of, and continue to say he just keep...... and Ms. Sanders said it is alright, she can have him for a witness. Ms. Warren said, "Ms. Zellars this letter is to answer your request we need you to sign for acknowledgement & the Cor Doc you will sign at a later date." I started saying "this is not what you said before, now, that I have a witness, you are changing what you said before." Ms. Warren said, "the next time you come in here you come prepared." I tried to explain to Ms. Warren that I had no idea that I was entering a meeting. Ms. Sanders agreed that I did not know that Ms. Warren was involved and I did not know the entirer agenda of the meeting. Ms. Warren became very angry and hostile towards me, when I stated I would not sign. I tried again to explain why I needed official Time away from my workstation and to be at home. She said, "She did not want to hear it." I repeated I wanted a copy however, of the documents, her voice became louder, and louder with out control. She (Ms. Warren) started pointing her hands and fingers at me as she was getting closer across the table of the office (where meetings are generally held) at the same time she walked partially around the table in a rush towards me, then stop, then proceeded again in a rush as she was speaking. I started saying you are threatening me at least 4 times I said I wanted to leave, I back away from her with both hands at shoulders palm's flat to indicate peace. I then tried to get to the door. I heard her say get out. The secretary Lisa Winston was at her desk when I left Ms. Warren's office. This is the first time that I had an encounter like this with Ms. Warren. I had to placed complaints against Ms. Warren with EEO. I wanted to leave, I thought Ms. Warren was going to hurt me. I was polite to Mrs. Terri Warren during our conversation.

Pages 3 of 4 Pages

Signature: _____

Q: WHO IS MS GRETA JONES SANDERS THAT YOU MAKE REFERENCE TO IN YOUR STATEMENT?

A: UNSURE OF TITLE BUT WORKS IN CIVIL ENGINEER HUMAN RESOURCES, SHE'S NEW AND BEEN HERE ABOUT (3) THREE MONTHS.

WHEN YOU MENTION EEO IN YOUR STATEMENT, WHAT OFFICE ARE YOU REFERING TO?

A: EQUAL EMPLOYMENT OPPORTUNITY

Q: IN REFERENCE TO YOUR STATEMENT, WHO IS MS. TERRI WARREN?

A: SHE'S CALLED THE CIVIL ENGINEERING DEPUTY BUT HER TITLE COULD HAVE CHANGED.

Q: WHEN YOU STATED MS. WARREN BECAME VERY ANGRY AND HOSTILE TOWARDS YOU, WHAT DID MEAN?

A: HER VOICE GOT LOUDER, SHE WAS POINTING AND USING HER HANDS

Q: WHAT IS THE TIME FRAME AND OR DATES, OF THE PREVIOUS COMPLAINTS, YOU HAVE AGAINST MS WARREN, THROUGH THE E.E.O.?

A: THAT IT MAY START AS FAR BACK AS 2000 OR 2001, I'M NOT SURE. I HAVE FILED AT LEAST (7) SEVEN COMPLAINTS AGAINST MS WARREN WITH THE EEO. AND THERE'S ONE STILL ACTIVE. THERE'S FOUR WERE NEGOTIATING AND TWO OR THREE WERE WAITING FOR NUMBERS ON.

Q: WHEN YOU STATED MS WARREN APPROACHED YOU, WHAT WAS SHE SAYING TO YOU AS SHE APPROACHED?

A: I WAS WATCHING HER HANDS AND AS SHE APPROACHED. I DIDN'T HEAR WHAT SHE WAS SAYING.. I CANNOT REMEMBER EVERY WORD SHE WAS SAYING, I CANNOT.

Q: HOW CLOSE DID MS. WARREN GET TO YOU, WHEN SHE APPROACHED?

A: SHE GOT ABOUT TWO AND A HALF TO THREE FEET AWAY. I CONTINUED TO BACK UP AS SHE GOT CLOSER.

Q: DID MS WARREN EVER TOUCH YOU?

A: NO, SHE NEVER PUT HER HANDS ON ME.

Q: DID MS WARREN VERBALLY THREATENED TO TOUGH YOU?

A: NO

Q: IS THERE ANYTHING ELSE YOU WOULD LIKE TO ADD CONCERNING THIS INCIDENT?

A: I WAS POLITE TO THE SITUATION I DIDN'T SAY ANYTHING MEAN, I DIDN'T CUSS. THIS SHOULD NOT HAVE HAPPENED.

PAGE 4 OF 4 PAGES

SIGNATURE:

| STATEMENT — SUSPECT/WITNESS/COMPLAINANT | SUSPECT |
|---|---|
| | X WITNESS/COMPLAINANT |

### PRIVACY ACT STATEMENT

AUTHORITY: 10 U.S.C. 8013; 44 U.S.C. 3101; and EO 9397
PRINCIPAL PURPOSES: Used to record information and details of criminal activity which may require investigative action by commanders, supervisors, security police, AFOSI special agents, etc.; and to provide information to appropriate individuals within DoD organizations who ensure proper legal and administrative action is taken.
ROUTINE USES: Information may be disclosed to local, county, state, and federal law enforcement/investigative authorities for investigation and possible criminal prosecution or civil court action. Information extracted from this form may be used in other related criminal and/or civil proceedings.
DISCLOSURE IS VOLUNTARY: SSN is used to positively identify the individual making the statement.

### I. STATEMENT INFORMATION

| DATE (YYYYMMDD) | TIME | LOCATION AND INSTALLATION (Bldg/Room No) | UNIT TAKING STATEMENT | REPEAT (If known) |
|---|---|---|---|---|
| 20050513 | 1617 | Bldg. 370 2nd fl Service floor Contracts | 11 SFS/SFOLD | OFFENSE |
| | | | | COMPLAINT |

### II. PERSONAL IDENTIFICATION (Print or Type)

| NAME (Last, First, Middle Initial) | SSN | STATUS/GRADE |
|---|---|---|
| Lepree, Bryan Keith | 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 | AF/Civ/GS-07 |

| LOCAL ADDRESS (Include Zip Code) Washington, DC 4560 3rd St SE Apt 201 | DATE AND PLACE OF BIRTH (If required) 16 Sep 67 / LA | TELEPHONE |
|---|---|---|
| | | HOME 202 365-5917  DUTY 202 767-4539 |

| PERMANENT ADDRESS OR HOME OF RECORD (Include Zip Code) 1942 Elizardi Blvd, New Orleans, LA | MILITARY ORGANIZATION/EMPLOYER 11 CES/CECR | DEROS N/A |
|---|---|---|

### SPONSOR INFORMATION

| NAME (Last, First, Middle Initial) N/A | GRADE | SSN | ORGANIZATION | DUTY PHONE |
|---|---|---|---|---|

### III. ACKNOWLEDGEMENT OF OFFENSES AND 5TH AMENDMENT/ARTICLE 31 RIGHTS ADVISEMENT (Suspect Only)

I have been advised that I am suspected of the following offenses:

1.

| ADVISED BY (Full Name and Rank) | INDIVIDUAL IDENTIFIED HIMSELF/HERSELF AS A (SF, special agent, etc.) |
|---|---|

| SUSPECT INITIALS | and advised me that I have the following rights according to the 5th Amendment of the U.S. Constitution/Article 31 of the Uniform Code of Military Justice. |
|---|---|
| | I have the right to remain silent—that is to say nothing at all. |
| | Any statement I make, oral or written, may be used as evidence against me in a trial or in other judicial, non-judicial, or administrative proceedings. |
| | I have the right to consult with a lawyer. |
| | I have the right to have a lawyer present during this interview. |
| | I may obtain a civilian lawyer of my own choice at no expense to the government. |
| | I may request a lawyer any time during this interview. |
| | If I decide to answer questions with or without a lawyer present, I may stop the questioning at any time. |
| | MILITARY ONLY: If I want a military lawyer, one will be appointed for me free of charge. |
| | CIVILIANS ONLY: If I cannot afford a lawyer and I want one, a lawyer will be appointed for me by civilian authorities. |

| SUSPECT INITIALS | I have read my rights as listed above and I fully understand my rights. No promises, threats, or inducements of any kind have been made to me. No pressure or coercion has been used against me. I make the following choice. (Initial One) |
|---|---|
| | I do not want a lawyer. I am willing to answer questions or make a statement or both, about the offense(s) under investigation. |
| | I do not want a lawyer and I do not wish to make a statement or answer any questions. |
| | I want a lawyer, I will not make any statement or answer any questions until I talk to a lawyer. |
| | I fully understand my rights and that my signature does not constitute an admission of guilt. |

| SIGNATURE OF SUSPECT | SIGNATURE OF WITNESS/INTERVIEWER |
|---|---|

| FORM 1168, 19980401 (IMT-V1) | PREVIOUS EDITIONS ARE OBSOLETE. | PAGE 1 OF 3 PAGES |
|---|---|---|



**IV. STATEMENT**

#2

On May 13, 2005 at approximately 1530 at the 11th Civil Engineer Squadron, Building 300, 1st Floor, I was approached by Ms. Juelitha Zellars. Ms. Zellars wanted me to follow her in order to be a witness. I had no idea as to what I was going to witness. I know Ms. Zellars as a worker on the second floor of the 11th Civil Engineer Squadron. Ms. Zellars and I arrived in the Deputy Civil Engineer, Ms. Terri Warren's office, about a minute later. Ms. Warren was standing to the left of her desk. Ms. Greta Jones-Sanders, a management analyst was in attendance, seated at a round table. Ms. Warren expressed objection to me being a witness. Ms. Warren felt that a Palace Acquire intern and relatively new employee should not be a witness to the matter of discussion. Myself and Ms. Zellars remained standing near the door of Ms. Warren's office. Ms. Zellars was to the left of me. Ms. Warren was to my right, about 7 feet away. To my knowledge, this meeting was called impromptu to have Ms. Zellars sign paperwork. Ms. Warren started talking about Ms. Zellar's core document. Ms. Warren also mentioned a letter that she wanted Ms. Zellars to sign relating to administrative leave. From the start, Ms. Warren seemed agitated, and visible upset. As Ms. Warren was explaining the purpose of the meeting, she was interrupted a couple of times by Ms. Zellars who was trying to confirmed with Mrs. Jones-Sanders the reason for the additional document regarding administrative leave. Ms. Zellars was caught by surprise when Ms. WARREN wanted her to sign the document regarding leave. Ms. Zellars rebutted and said, "No, I'm not signing it." This was the point that Ms. Warren forceably changed in Ms. Zellars direction, waving her finger and raising her voice, even more. Ms. Zellars raised her hand and said she felt threatened by Ms. Warren's advancement. Ms. Zellars

**V. OATH/SIGNATURE**

#3 "I hereby voluntarily and of my own free will make this statement without having been subjected to any coercion, unlawful influence, or unlawful inducement. I swear (or affirm) I have read this statement, initialed all pages and corrections, and it is true and correct to the best of my knowledge."

SIGNATURE OF PERSON MAKING STATEMENT

SIGNATURE OF WITNESS/INTERVIEWER

Subscribed and sworn to before me, a person authorized by law to administer oaths, this **13** day of **May** , **2005** (year).

SIGNATURE OF PERSON ADMINISTERING OATH

**VI. INSTRUCTIONS FOR CONTINUATION PAGE(S)**

Use plain bond paper (both sides optional). At the top right of each page, print or type "(Last name of individual making the Statement) on (Date)." At the bottom of each page, print or type: "Page ____ of ____ Pages." The individual must initial the top and bottom entries and sign his/her name at the bottom of each page.

AF FORM 1168, 19980401  (REVERSE) (IMT-V1)

facial expression was that of surprise and fright. As her hands went above h
head, Ms. Zellars backed into the wall and door as to get out of the way
of the approaching Ms. Warren. Once Ms. Zellars said that she felt that
Ms. Warren was threatening her, was both were told by Ms. Warren to
leave her office, Ms. Zellars went across the hall and asked Ms. Blyth
McGinty to call the Police because she felt her life was threaten
by Ms. Terri Warren, who is about a foot taller and may be 70 pound
heavier. I give this statement without coersion and to the best
of my knowledge. bkl ————— Last Item —————

Bryan K Lepree        13 MAY 05
Bryan K Lepree        Date

bkl  bkl
3 of 3

# STATEMENT OF SUSPECT/WITNESS/COMPLAINANT

| | SUSPECT |
|---|---|
| X | WITNESS/COMPLAINANT |

## PRIVACY ACT STATEMENT

AUTHORITY: 10 U.S.C. 8013; 44 U.S.C. 3101; and EO 9397
PRINCIPAL PURPOSES: Used to record information and details of criminal activity which may require investigative action by commanders, supervisors, security police, AFOSI special agents, etc.; and to provide information to appropriate individuals within DoD organizations who ensure proper legal and administrative action is taken.
ROUTINE USES: Information may be disclosed to local, county, state, and federal law enforcement/investigative authorities for investigation and possible criminal prosecution or civil court action. Information extracted from this form may be used in other related criminal and/or civil proceedings.
DISCLOSURE IS VOLUNTARY: SSN is used to positively identify the individual making the statement.

## I. STATEMENT INFORMATION

| DATE (YYYYMMDD) | TIME | LOCATION AND INSTALLATION (Bldg/Room No) | UNIT TAKING STATEMENT | REPEAT (If known) |
|---|---|---|---|---|
| 20050513 | 1715 | Bldg. 370 Rm. 210, 2nd Floor Bolling AFB, DC 20032 | 11th SFS | OFFENSE |
| | | | | COMPLAINT |

## II. PERSONAL IDENTIFICATION (Print or Type)

| NAME (Last, First, Middle Initial) | SSN | STATUS/GRADE |
|---|---|---|
| Jones-Sanders, Greta D | 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 | AF Civilian |

| LOCAL ADDRESS (Include Zip Code) | DATE AND PLACE OF BIRTH (If required) | TELEPHONE | |
|---|---|---|---|
| Bldg. 3816, Rm. 8122 Bolling AFB, DC 20032 | Tallahassee, Florida | HOME 202.279.5647 | DUTY 202.767.8629 |

| PERMANENT ADDRESS OR HOME OF RECORD (Include Zip Code) | MILITARY ORGANIZATION/EMPLOYER | DEROS |
|---|---|---|
| 1808 West 500 North West Point, Utah 84015 | 11th CES/CERM Bolling AFB, DC 20032 | N/A |

## SPONSOR INFORMATION

| NAME (Last, First, Middle Initial) | GRADE | SSN | ORGANIZATION | DUTY PHONE |
|---|---|---|---|---|
| | | | | |

## III. ACKNOWLEDGEMENT OF OFFENSES AND 5TH AMENDMENT/ARTICLE 31 RIGHTS ADVISEMENT (Suspect Only)

have been advised that I am suspected of the following offenses:

| ADVISED BY (Full Name and Rank) | INDIVIDUAL IDENTIFIED HIMSELF/HERSELF AS A (SF, special agent, etc.) |
|---|---|
| | |

| SUSPECT INITIALS | and advised me that I have the following rights according to the 5th Amendment of the U.S. Constitution/Article 31 of the Uniform Code of Military Justice. |
|---|---|
| | I have the right to remain silent - that is to say nothing at all. |
| | Any statement I make, oral or written, may be used as evidence against me in a trial or in other judicial, non-judicial, or administrative proceedings. |
| | I have the right to consult with a lawyer. |
| | I have the right to have a lawyer present during this interview. |
| | I may obtain a civilian lawyer of my own choice at no expense to the government. |
| | I may request a lawyer any time during this interview. |
| | If I decide to answer questions with or without a lawyer present, I may stop the questioning at any time. |
| | MILITARY ONLY: If I want a military lawyer, one will be appointed for me free of charge. |
| | CIVILIANS ONLY: If I cannot afford a lawyer and want one, a lawyer will be appointed for me by civilian authorities. |

| SUSPECT INITIALS | I have read my rights as listed above and I fully understand my rights. No promises, threats, or inducements of any kind have been made to me. No pressure or coercion has been used against me. I make the following choice. (Initial One) |
|---|---|
| | I do not want a lawyer. I am willing to answer questions or make a statement or both, about the offense(s) under investigation. |
| | I do not want a lawyer and I do not wish to make a statement or answer any questions. |
| | I want a lawyer. I will not make any statement or answer any questions until I talk to a lawyer. |

I fully understand my rights and that my signature does not constitute an admission of guilt.

| SIGNATURE OF SUSPECT | SIGNATURE OF WITNESS/INTERVIEWER |
|---|---|
| | |

AF IMT 1168, 19980401, V2    PREVIOUS EDITIONS ARE OBSOLETE.    PAGE 1 OF 3 PAGES

## IV. STATEMENT

On or about 08:45 MSgt Johnson entered Ms. McGinty's office requesting clarification of Ms. Zellars request for official time off to prepare for her up coming appointment 17-May-05 with investigators. Present Ms. Warren and Ms. Jones-Sanders at that Ms. Zellars requested to be present in the meeting. Ms. Warren denied Ms. Zellars telling her she could not be present because this was a discussion with her supervisor. MSgt Johnson stated that Ms. Zellars requested the she be allowed to take 5 hours of official time on 13-May-05 and 8 hours of Official Time on 16-May-05 to prepare a response for investigator for a meeting scheduled 17-May-05. Ms. McGinty immediately starting making phone calls to Equal Opporunity Employment (EEO) and Labor Relations to get a clear understanding of what was consider a reasonable amount of time could be given to Ms. Zellars to prepare her response for the investigators. Unable to make contact with either agency Ms. Warren told MSgt Johnson it would be okay to grant Ms. Zellars the 5 hours of official time for 13-May-05 but wanted to touch bases with either EEO or Labor Relations before granting her request for 16-May-05. Within 30 to 45 minutes Col Jasinski and Ms. Zellars came to Ms. McGinty's office Col Jasinski requested that Ms. McGinty check to see how much annual leave Ms. Zellars had, before the Col could complete his sentence Ms. Zellars cut him off very insubordinate stating that she was not asking for leave she was requesting official time. At that point Col Jasinski stated that official time could be accomplished in the work place. Once again in a very insubordinate manner and rasied voice toward the Col I'm going to EEO, I'm going to EEO and departed the work place. Ms. McGinty was able to get in contact with Mr. Lucas from EEO. Mr. Lucas to come over and provide guidance as to how official time should be requested Ms. Warren, Ms. McGinty and Ms. Jones-Sanders was present at the meeting. Management was given instruction to draft a letter and present it to Ms. Zellars for present and future request for official time. On or about 14:30 Ms. Zellars met with Ms. Warren and Ms. Jones-Sanders to be given a letter approving her request for official time on 13-May 05 and 16-May-05. This letter also provided Ms. Zellars with future requirement of requesting official time. Ms Zellars looked at the letter and stated to me that she would not sign the letter because it was not dated. I (Ms. Jones-Sanders) informed Ms. Zellars the letter would be dated when she signed it. Ms. Warren began to tell Ms Zellars why she was there stating she wanted to give her a letter that approve her official time and in the future what the requirement would be for any future request and to provide her with a copy of her Coredoc (position discription) for her job that she needed to sign. Ms. Warren stated that since her supervisor was not present she (Ms. Warren) would give it to her and offer to sit down with her and go over the Coredoc with her. At that time Ms. Zellars stated that since I (Ms. Jones-Sanders) was present she requested to have a witness present Mr. Warren said okay. Ms. Zellars departed the office and returned abut 2 to 3 minutes later with Mr. Lepree. Ms. Warren indicated that since Mr. Lepree was not a resource person he should not be present. I (Ms. Jones-Sanders) stated the Mr. Lepree could be present as her witness. Ms. Zellars requested that Ms. Warren start over in presenting her this letter because before her witness was present she wanted to give her the letter for official time and her Coredoc. Ms. Warren began to tell her that she had been advise not to discuss her Coredoc with her until her supervisor was present she now was only going to present her with the letter of official time. When Ms. Warren began telling her hat she would be granted official time but it must be done in the work place Ms. Zellars immediately said she need time at home because all of the documents were there. Ms. Warren stated she could gather all the documents she durning her non duty hours and bring them in during her time of duty and work on putting everything together for the investigators Ms Warren also stated she would not be given any work to do when she was in official time. Ms. Zellars started to tell Ms. Warren that she has been assigned to her current section for over 55 days and at that point Ms. Warren stopped her to get back to the issue at hand. I was writing and looking down when out of the side of my left eye I say Ms. Warren stepped forward approximately four feet in front Ms. Zellars and then Ms. Warren said wait a minute, then all of sudden Ms. Zellars shouted you're threatening me, in a loud voice. Ms. Warren told her she was dismissed, stated it several more times and she and Mr. Lepree left the office. Ms. Zellars refused to sign for the receipt of the letter. The letter is dated at the bottom of my memo for record.— END OF STATEMENT

Q: Was Ms. Warrens's voice raised anytime durning this meeting?——— END OF STATEMENT
A: Yes

## V. OATH/SIGNATURE

*"I hereby voluntarily and of my own free will make this statement without having been subjected to any coercion, unlawful influence, or unlawful inducement. I swear (or affirm) I have read this statement, initialed all pages and corrections, and it is true and correct to the best of my knowledge."*

| SIGNATURE OF PERSON MAKING STATEMENT | SIGNATURE OF WITNESS/INTERVIEWER |
|---|---|
| *B J Sanders* | *[signature]* |

Subscribed and sworn to before me, a person authorized by law to administer oaths, this ___13 TH___ day

of ___MAY___ . ___2005___ (year):

SIGNATURE OF PERSON ADMINISTERING OATH

*[signature]*

## /I. INSTRUCTIONS FOR CONTINUATION PAGE(S)

*Use bond paper (both sides optional). At the top right of each page, print or type *(Last name of individual making the Statement) on (Date).* At the bottom of each page, print or type: "Page ____ of ____ Pages." The individual must initial the top and bottom entries and sign his/her name at the bottom of each page.*

AF IMT 1168, 19980401, V2      (REVERSE)

Jones-Sanders 20050513

Q: At what point of the meeting did Ms. Warren raise her voice?

A: When Ms. Zellars stated that she had been in her current position 55 day and tried to direct the meeting in a different direction.

Q: Did Ms. Warren sound angry?

A: No

Q: In your estimation how would describe her tone?

A: I would describe Ms. Warren tone as very frustrated

Q: Did Ms. Warren appear to threaten Ms. Zellars at anytime?

A: No

Q: In reference to incident, is there anything that you would like to add to this statement?

A: No.

Page 3 of 3 pages

Signature: *J Sanders*

V05.10    T&A TIMECARD FORMAT 1    06/02/05

SITE ID    TAG    ACT    ORG    EMPLOYEE ID    DATE    NAME
11WING00    0800    FCMT    CEOE    578 72 0268  05 28 05    ZELLARS JUELITHIA G

SUP DATE EFF 05/01/05    EMP STA CD A    GR/UNGR IDC G    EMP TYP CD R    WKD SCD F
DATE EFF 09/05/04    TA STA CD A    JON    AWS 0
PLTN ROT :

|  | SUN | MON | TUE | WED | THU | FRI | SAT |
|---|---|---|---|---|---|---|---|
| TOUR (WK 1) | .00 | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | .00 |
| TYP HRS/SFT | 0 | RG 0 | RG 0 | RG 0 | RG 0 | RG 0 | 0 |
| NIGHT DIFF | .00 | .00 | .00 | .00 | .00 | .00 | .00 |
| TOUR (WK 2) | .00 | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | .00 |
| TYP HRS/SFT | 0 | RG 0 | RG 0 | RG 0 | RG 0 | RG 0 | 0 |
| NIGHT DIFF | .00 | .00 | .00 | .00 | .00 | .00 | .00 |

| AC | WK | DY | TYP HR | HOURS | JOB ORDER | E/H OTH | LST HR | TEM SFT | NIGHT DIFF | INJ NO | ALT IDC |
|---|---|---|---|---|---|---|---|---|---|---|---|
| _ | 1 | 2 | KC | 8.00 | _____ | __ | N | _ | _ | ___ | _ |
| _ | 1 | 3 | KC | 8.00 | _____ | __ | N | _ | _ | ___ | _ |
| _ | 1 | 4 | KC | 8.00 | _____ | __ | N | _ | _ | ___ | _ |
| _ | 1 | 5 | KC | 8.00 | _____ | __ | N | _ | _ | ___ | _ |
| _ | 1 | 6 | KC | 8.00 | _____ | __ | N | _ | _ | ___ | _ |
| _ | 2 | 2 | KC | 8.00 | _____ | __ | N | _ | _ | ___ | _ |
| _ | 2 | 3 | KC | 8.00 | _____ | __ | N | _ | _ | ___ | _ |
| _ | 2 | 4 | KC | 8.00 | _____ | __ | N | _ | _ | ___ | _ |

2090    MORE T/A AVAILABLE

```
V05.10                          T&A TIMECARD FORMAT 1                    06/02/05
  SITE ID    TAG    ACT    ORG    EMPLOYEE ID    DATE          NAME
 11WING00   0800 FCMT    CEOE     578 72 0268 05 28 05   ZELLARS JUELITHIA G
 SUP DATE EFF 05/01/05      EMP STA CD A    GR/UNGR IDC G     EMP TYP CD R     WKD SCD F
     DATE EFF 09/05/04      TA STA CD A    JON                                AWS 0
                    SUN     MON     TUE     WED     THU     FRI     SAT        PLTN ROT
TOUR (WK 1)         .00    8.00    8.00    8.00    8.00    8.00     .00
TYP HRS/SFT          0   RG  0   RG  0   RG  0   RG  0   RG  0      0
NIGHT DIFF          .00     .00     .00     .00     .00     .00     .00
TOUR (WK 2)         .00    8.00    8.00    8.00    8.00    8.00     .00
TYP HRS/SFT          0   RG  0   RG  0   RG  0   RG  0   RG  0      0
NIGHT DIFF          .00     .00     .00     .00     .00     .00     .00
```

| AC | WK | DY | TYP HR | HOURS | JOB ORDER | E/H OTH | LST HR | TEM SFT | NIGHT DIFF | INJ NO | ALT IDC |
|----|----|----|--------|-------|-----------|---------|--------|---------|------------|--------|---------|
| __ | 2  | 5  | KC     | 8.00  | _____ | __      | N      | __      |            | ____   | __      |
| __ | 2  | 6  | KC     | 8.00  | _____ | __      | N      | __      |            | ____   | __      |
| __ | __ | __ | __     |       | _____ | __      | __     | __      |            | ____   | __      |
| __ | __ | __ | __     |       | _____ | __      | __     | __      |            | ____   | __      |
| __ | __ | __ | __     |       | _____ | __      | __     | __      |            | ____   | __      |
| __ | __ | __ | __     |       | _____ | __      | __     | __      |            | ____   | __      |
| __ | __ | __ | __     |       | _____ | __      | __     | __      |            | ____   | __      |

2090   MORE T/A AVAILABLE

```
V05.10                          T&A TIMECARD FORMAT 1                      06/02/05
 SITE ID    TAG    ACT     ORG    EMPLOYEE ID   DATE         NAME
 11WING00   0800  FCMT    CEOE    578 72 0268  04 30 05   ZELLARS JUELITHIA G
 SUP DATE EFF 01/09/05     EMP STA CD A    GR/UNGR IDC G     EMP TYP CD R    WKD SCD F
     DATE EFF 09/05/04     TA STA CD A   JON                                 AWS 0
                    SUN    MON     TUE     WED     THU     FRI     SAT       PLTN ROT
 TOUR (WK 1)        .00   8.00    8.00    8.00    8.00    8.00     .00
 TYP HRS/SFT          0  RG  0   RG  0   RG  0   RG  0   RG  0       0
 NIGHT DIFF         .00    .00     .00     .00     .00     .00     .00
 TOUR (WK 2)        .00   8.00    8.00    8.00    8.00    8.00     .00
 TYP HRS/SFT          0  RG  0   RG  0   RG  0   RG  0   RG  0       0
 NIGHT DIFF         .00    .00     .00     .00     .00     .00     .00
               TYP                                      E/H LST TEM NIGHT  INJ  ALT
 AC WK DY HR  HOURS              JOB ORDER             OTH HR  SFT DIFF   NO   IDC
 _  1  2  LS   8.00   _____       _   N   _  ____  ____  _
 _  1  3  LA   8.00   _____       _   N   _  ____  ____  _
 _  1  4  LA   8.00   _____       _   N   _  ____  ____  _
 _  1  5  RG   2.00   _____       _   N   _  ____  ____  _
 _  1  5  LA   6.00   _____       _   N   _  ____  ____  _
 _  1  6  RG   4.00   _____       _   N   _  ____  ____  _
 _  1  6  LS   4.00   _____       _   N   _  ____  ____  _
 _  2  2  LS   8.00   _____       _   N   _  ____  ____  _
 2090   MORE T/A AVAILABLE
```

```
V05.10                        T&A TIMECARD FORMAT 1                    06/02/05

 SITE ID    TAG    ACT    ORG    EMPLOYEE ID    DATE         NAME
 11WING00  0800 FCMT    CEOE    578 72 0268 04 30 05    ZELLARS JUELITHIA G
 SUP DATE EFF 01/09/05      EMP STA CD A    GR/UNGR IDC G    EMP TYP CD R    WKD SCD F
     DATE EFF 09/05/04      TA STA CD A     JON                                  AWS 0
                      SUN      MON      TUE      WED      THU      FRI      SAT      PLTN ROT
 TOUR (WK 1)          .00     8.00     8.00     8.00     8.00     8.00      .00
 TYP HRS/SFT            0   RG   0   RG   0   RG   0   RG   0   RG   0        0
 NIGHT DIFF           .00      .00      .00      .00      .00      .00      .00
 TOUR (WK 2)          .00     8.00     8.00     8.00     8.00     8.00      .00
 TYP HRS/SFT            0   RG   0   RG   0   RG   0   RG   0   RG   0        0
 NIGHT DIFF           .00      .00      .00      .00      .00      .00      .00
```

| AC | WK | DY | TYP HR | HOURS | JOB ORDER | OTH | E/H HR | LST SFT | TEM DIFF | NIGHT | INJ NO | ALT IDC |
|----|----|----|--------|-------|-----------|-----|--------|---------|----------|-------|--------|---------|
| _  | 2  | 3  | LS     | 8.00  | _____ | __ | N      | _       | \|_      | ____  | ____   | _       |
| _  | 2  | 4  | KC     | 8.00  | _____ | __ | N      | _       | \|_      | ____  | ____   | _       |
| _  | 2  | 5  | KC     | 8.00  | _____ | __ | N      | _       | \|_      | ____  | ____   | _       |
| _  | 2  | 6  | KC     | 8.00  | _____ | __ | N      | _       | \|_      | ____  | ____   | _       |
| _  | _  | _  | __     |       | _____ | __ | _      | _       | \|_      | ____  | ____   | _       |
| _  | _  | _  | __     |       | _____ | __ | _      | _       | \|_      | ____  | ____   | _       |
| _  | _  | _  | __     |       | _____ | __ | _      | _       | \|_      | ____  | ____   | _       |
| _  | _  | _  | __     |       | _____ | __ | _      | _       | \|_      | ____  | ____   | _       |

2090   MORE T/A AVAILABLE

Case 1:05-cv-01670-RBW    Document 15-2    Filed 10/28/2005    Page 16 of 35

V05.10                          T&A TIMECARD FORMAT 1                          06/02/05

SITE ID    TAG    ACT    O...    EMPLOYEE ID    DATE    NAME
11WING00    0800   FCMT   CEOE     578 72 0268 04 16 05   ZELLARS JUELITHIA G
SUP DATE EFF 01/09/05    EMP STA CD A    GR/UNGR IDC G    EMP TYP CD R    WKD SCD F
    DATE EFF 09/05/04    TA STA CD A    JON                                AWS 0



|              | SUN  | MON  | TUE  | WED  | THU  | FRI  | SAT  | PLTN ROT |
|--------------|------|------|------|------|------|------|------|----------|
| TOUR (WK 1)  | .00  | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | .00  |          |
| TYP HRS/SFT  | 0 RG | 0 RG | 0 RG | 0 RG | 0 RG | 0    | 0    |          |
| NIGHT DIFF   | .00  | .00  | .00  | .00  | .00  | .00  | .00  |          |
| TOUR (WK 2)  | .00  | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | .00  |          |
| TYP HRS/SFT  | 0 RG | 0 RG | 0 RG | 0 RG | 0 RG | 0    | 0    |          |
| NIGHT DIFF   | .00  | .00  | .00  | .00  | .00  | .00  | .00  |          |

|    |    |    | TYP |       |           | E/H | LST | TEM | NIGHT | INJ | ALT |
|----|----|----|-----|-------|-----------|-----|-----|-----|-------|-----|-----|
| AC | WK | DY | HR  | HOURS | JOB ORDER | OTH | HR  | SFT | DIFF  | NO  | IDC |
| _  | 1  | 2  | RG  | 8.00  | _____ | __  | N   | _   | ____  | ____ | _  |
| _  | 1  | 3  | RG  | 8.00  | _____ | __  | N   | _   | ____  | ____ | _  |
| _  | 1  | 4  | RG  | 8.00  | _____ | __  | N   | _   | ____  | ____ | _  |
| _  | 1  | 5  | LS  | 8.00  | _____ | __  | N   | _   | ____  | ____ | _  |
| _  | 1  | 6  | RG  | 8.00  | _____ | __  | N   | _   | ____  | ____ | _  |
| _  | 2  | 2  | LS  | 8.00  | _____ | __  | N   | _   | ____  | ____ | _  |
| _  | 2  | 3  | LS  | 8.00  | _____ | __  | N   | _   | ____  | ____ | _  |
| _  | 2  | 4  | LS  | 8.00  | _____ | __  | N   | _   | ____  | ____ | _  |

2090   MORE T/A AVAILABLE

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## OFFICE OF THE JUDGE IN CHAMBERS

TO: _Terrie Warren_          CASE NO.: _05 CA 5636_

### NOTICE OF HEARING

You are hereby notified that there will be a hearing on Plaintiff's request for

a Temporary Restraining Order (T.R.O.) against you, on

_8/23/05_          , at          _230_          a.m./(p.m.) at
_(date)_                              _(time)_

D.C. SUPERIOR COURT, 500 Indiana Avenue, N.W., Room 4220, 4th floor.

If you wish to be heard, your presence is required.

WHITE - DEFENDANT          CANARY - PLAINTIFF          PINK - COURT FILE

FORM SO-2064/Jul. 98

**CA Form 1**

# Superior Court of the District of Columbia

**CIVIL DIVISION**                    05-0005636

**500 Indiana Avenue, N.W., Room JM-170**
**Washington, D.C. 20001  Telephone: 879-1133**

05-0005636

Juelithia G. Zellars
1708 Dennis Ct
Forestville, Md 20747,          *Plaintiff*

vs.                                              Civil Action No. _____

Ms Terrie Warren          *Defendant*
11th Civil Engineer Sq
Deputy Base Civil Eng
370 Brookley Ave
Bolling AFB, DC 20032          **SUMMONS**

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

                                                            *Clerk of the Court*

Pro Se  Juelithia Zellars
Name of Plaintiff's Attorney
1708 Dennis Ct
Forestville, Md. 20747          By _____
Address                                                         Deputy Clerk

                                                  Date _____

Telephone
(301) 324-1107

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPAÑOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03

# Superior Court of the District of Columbia
## CIVIL DIVISION

Juethlin G. Zellers
1708 Dennis Ct
Forestville, Md. 20747

*Plaintiff*

vs

Ms Ferrie Warren
11th Civil Engineer Sq
Deputy BASE Civil Eng.
370 Brookley Ave.
Bolling AFB DC 30032

*Defendant*

**MOTION - (Pro-Se)**

05-0005636

```
RECEIVED
CIVIL CLERK'S OFFICE
JUL 2 1 2005
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC.
```

MOTION OF X                          for  TRI

(State briefly what you want the Court to do) No Communication what soever, Stay Aw
To approve a Protection Order or th
Defendant not to have any verbal, written communication with
the Plaintiff nor contact the Plaintiff by telephone, fax or le

Printed name:
Juethlin G. Zellers
Address:
1708 Dennis Ct
Forestville, Md. 20747

Signature:
Juethlin G. Zellers
Home phone no. ( 301 ) 324-1107
Business phone no. ( 202 ) 767-1210

## CERTIFICATE OF SERVICE

On July 21,                                  20 05  I mailed this motion to all the lawyers in the case,
the plaintiff(s) and the defendant(s) who do not have lawyers, as listed below:
Dep't Info

Name:
Ferrie Warren, CD/11CES
Address: 11th Civil Engineer Sq
370 Brookley Ave, Bolling AFB DC
20032

Name:

Address:

Juethlin G. Zellers
Signature

## POINTS AND AUTHORITIES

(Write the reasons why the Court should grant your motion and include Court rules, laws and cases, if any, that support your reasons.)

Form CV-393/Dec. 00

# Superior Court of the District of Columbia

## CIVIL DIVISION

Juelithia G. Zellnes
1708 Dennis Ct
Forestville, Md 20747

*Plaintiff*

vs.

**05-0005636**

Ms. Terrie WARREN
11th Civil Engineer Sq
Deputy Base Civil Eng
370 Brookley Ave
Bolling AFB/DC 20032

*Defendant*

**MOTION - (Pro-Se)**

MOTION OF 2

for P+

No.  **RECEIVED**
**CIVIL CLERK'S OFFICE**
**JUL 21 2005**
**SUPERIOR COURT**
**OF THE DISTRICT OF COLUMBIA**
**WASHINGTON, DC**

(State briefly what you want the Court to do) No Communication What soever. Stay Away
To approve a Protection Order, for the
Defendant not to have any verbal, written communication
with the Plaintiff nor contact the Plaintiff by telephone, fax or like
Juelithia G. Zellnes

| Printed name: | Signature: |
|---|---|
| Juelithia G. Zellnes | |
| Address: 1708 Dennis Ct | Home phone no. (301) 824-1107 |
| Forestville, Md 20747 | Business phone no. (202) 767-4210 |

## CERTIFICATE OF SERVICE

Date July 21
On _____ 2005 I mailed this motion to all the lawyers in the case,
the plaintiff(s) and the defendant(s) who do not have lawyers, as listed below.
Dert + Info

| Name: Terrie WARREN, ct/11ces | Name: |
|---|---|
| Address: 11th Civil Engineer Sq, 370 Brookley | Address: |
| Ave, Bolling/AFB/DC 20032 | |

Signature

## POINTS AND AUTHORITIES

(Write the reasons why the Court should grant your motion and include Court rules, laws and cases, if any, that support your reasons.)

Signature

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

Juelitha G. Zellars
1708 Dennis Court
Forestville, Md. 20747                    *Plaintiff*

05-0005636

                    vs.                    CIVIL ACTION No. _____

Ms. Terrie Warren
11th Civil Engineer Sq
Deputy Base Civil Eng.
370 Brookley Ave            *Defendants*
Bolling AFB, D.C. 20032

**RECEIVED**
**CIVIL CLERK'S OFFICE**
**JUL 21 2005**
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

**COMPLAINT**

1. Jurisdiction of this court is founded on D.C. Code Annotated, 1973 edition, as amended, Sec. 11-921.

The incident took place on May 13'05 in Washington, DC.
11th Civil Engineer Sq, Bldg 370 Brookley Ave, Bolling
AFB. Ms Warren, 11CES/CD became angry, raised
her voice and pointed her fingers at the Plaintiff, she rushed
at me twice towards me, as to indicate she was going
to hurt me. I thought she was going to hurt me, some
type of bodily harm. See attached statements (witness statement)

Wherefore, Plaintiff demands judgment against Defendant in the sum of $_____
with interest and costs.

DISTRICT OF COLUMBIA, ss

_Juelitha G. Zellars_____, being first duly sworn on oath deposes and says that the
foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all
set-offs and just grounds of defense.

Phone: _____

_____
(Plaintiff                                    Agent)

Subscribed and sworn to before me this __21st__ day of _____ 20_05_.

_____
Notary Public/Deputy Clerk

FORM CV-1013/ Nov. 00

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JUELITHIA ZELLARS
    Vs.
TERRIE WARREN

C.A. No.    2005 CA 005636 B

## **INITIAL ORDER**

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive reading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge as an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge GERALD I FISHER

Initial Conference: 9:30 am, Friday, October 28, 2005
Location:  Courtroom A-50
         515 5th Street N.W.
         WASHINGTON, DC 20001

Caio.doc

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## OFFICE OF THE JUDGE IN CHAMBERS

TO: _Terrie Warren_          CASE NO.: _05 CA 5636_

## NOTICE

You are hereby notified that there will be a "status hearing" on Plaintiff's

request for a Preliminary Injunction against you, on

_9/9/05_ , at _11:00_ a.m./p.m. at D.C. SUPERIOR
   (date)              (time)

COURT, 500 Indiana Avenue, N.W., on Civil Calendar # _1_ .

Please check-in with the CIVIL ASSIGNMENT OFFICE, Room JM-130,

John Marshall level, for Courtroom location.

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

*Juelithia D. Zellars*
_____
**Plaintiff**

**vs.**                                    C.A. No. _05-005634_

*Terrie Warren*
_____
**Defendant**

## ORDER

Upon consideration of the plaintiff's application for a Temporary Restraining Order, and the record herein, it is by the Court this _23rd_ day of _August_, 2005, hereby **Ordered,** that;

1. That the application for a Temporary Restraining Order be, and the same is, hereby **granted.**

2. Defendant shall not ✓ assault, ✓ threaten, ✓ harass, or _____ physically abuse Plaintiff in any manner.

3. Defendant shall stay at least 100 feet away from the Plaintiff's ✓ person, ✓ home, _____ workplace, and _____.

4. Defendant shall not contact the Plaintiff in any manner, including but not limited to: ✓ telephone, ✓ in writing,

1

*by facsimile, e-mail*

or ✓ in any other manner either directly or indirectly

through a third party.

Further **ORDERED,** that this Order shall expire on

the _9th_ day of _September_, 2005, unless extended for a

like period for good cause shown; and that the parties shall

next appear in Court on the _9th_ day of _September_,

2005, at 11:00 a.m. before Judge _Fisher_,

Calendar # _1_, for the setting of a hearing date on the

Plaintiff's Motion for Preliminary Injunction.

_Bruce D. Beaudin_
**JUDGE**

A TRUE COPY
TEST

2

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Juelithia G. Zellars<br>1708 Dennis Court<br>Forestville, Maryland 20747 | )<br>)<br>)<br>) |
| Plaintiff, | ) Civil Action No.  05-1670- (RBW)<br>) |
| v. | )<br>) |
| Ms. Terrie Warren,<br>11th Civil Engineer Squadron<br>Deputy Base Civil Engineer<br>370 Brookley Avenue<br>Bolling AFB, Wash DC 20032 | )<br>)<br>)<br>) .<br>)<br>) |
| Defendant | ) |

### ORDER

Upon consideration of Plaintiff's Motion for Temporary Restrainer Order for the entire

record for this case, it is hereby

Ordered that Plaintiff's Motion for (Continued) Temporary Restraining Order is GRANTED,

and it is

Further ORDERED that the Temporary Restraining Order valid for 2 years, September 1, '07,

1. Defendant shall not Assault, Threaten, Harass.

2. Defendant shall stay at least 100 feet away from Plaintiff's Person, Home.

3. Defendant shall not contact the Plaintiff in any manner including but not limited to

   telephone, in writing by facsimile, email or in any other manner either directly or indirectly.

   through a third party.

Date this _____ day of _____ 2005.

REGGIE B. WALTON
UNITED STATES DISTRICT JUDGE

**Remedies:** Plaintiff does not waive her rights to raise all defenses available to the Federal Rules of Civil Procedure, including but not limited to any rule pertaining.

1. Stop reprisal and harassment practices.
2. Pay all medical bills in full from 5/13/05 without taxed to Plaintiff immed.
3. Work Assignments / Awards / Entitlement to any back pay (CA-1 injury form pay immed. (See Attached)
4. Job title changed (professional title/GS-9) with series and grade w/upward mobility
5. Monetary award $350,000.00 without taxed for assault from Ms. Terri Warren
6. Monetary award $180,000.00 without taxed for damages from AWOL or the like
7. GS 9 Grade Promotion w/Upward Mobility – Title Change to a professional series w/upward mobility.
8. GS-9 Back Pay 2000/Yr-Present
9. Effect immed. (Flex) AWS Day / every 2nd Monday, lst Friday/of the week/8 hour day
10. Correct all Appraisal Ratings to read correct dated, salary, rating, accomplishments Ex. dt 4/'03. Ex:  See documents dated June 6, 03, to present . Rating for 2004-2005 with all 9's rating.  Only 1 971 folder per employee not 3 folders  / Appraisal for 2004-2005 with all 9's for rating
11. Purge Employee File 971, take out all derogatory data, Counseling Ltrs, emails forms CMSgt Roy, and AIC Thompson and all derogatory documents, duplicated information and construct 971 folder in a uniform manner, purge all AWOL, emails and the like.  Rectify all AWOL and restore  records to Regular pay. Employee receives check immediately.
12. Award 240 hours of Annual Leave or maximum
13. Award 240 hours of Sick Leave or maximum
14. Additional duty, if remain as Secretary/GS9 (Human Relations/General GS/9 + to present CORE Doc as additional duty    GS9—318 Series/SecretaryOA
15. Restore Complainant all rights, and as Secretary/OA GS-9 Position and Office to: 11 CES/CEO's GS-318/9 Secretary/OA w/Professional Title, GS/9 (Human Relations/Resources/General  or GS/9 Human lations/Resources/General/OA— Additional Duty Secretary/OA GS/9
16. Exempt from all RIFs Suspensions or the like / All records restore -- personnel, retirement actions

*Cynthia H. Zellars* 10/28/05

October 26, 2005

MEMORANDUM FOR PAUL E. LUCAS, EEO Manager

11 WG/CCD
220 Brookley Avenue, Bldg. 4, 2nd Floor
Bolling AFB DC 20032

SUBJECT: Notice of Right to File Discrimination Complaint –
        Docket Number 9L2W05030
                Ref: Certified mail #: 7004 2890 0004 6378 7535

On September 21, 2005, I faxed to your office a response to your memorandum dated 8/5/05, in reference to Docket Number 9L2W05030, in which you stated that the dispute has been brought to your attention, and has not been resolved to my satisfaction.

I explained the discrepancies of your memorandum to Ms. Youngblood, 11 WG/EEO Representative, before I faxed the information to your office. I followed Ms. Youngblood's instructions and the instructions in your memorandum dated 8/5/2005. Ms. Youngblood instructed me to fill out the form: DD Form 2655, anyway, even though I had not spoken to a counselor yet, and to lists the discrepancies, and I faxed the documents indicating the discrepancies along with the issues and remedies. She said, "She had received the faxed, and would review the documents."

I repeat, please review your file on the above case number, review remedies attached. I have not received a counselor's report, nor have this case been discussed with a counselor yet. I am still waiting to have a meeting with Mr. Kevin Bready, counselor, and I believe I have to meet with a counselor first, before I am given a memorandum to file a DD Form 2655.

Mr. Lucas, your memorandum dated August 5, 2005, already proves that the issues of the case had reached your office in a timely manner, and in fact it had. Your letter dated September 22, 2005, just acknowledges receipt of the Formal Discrimination Complaint – Docket Number 9L2W05030, as if the issues of the case had just reached your office for the first time, as a new complaint case. Therefore, your memorandum of September 22, 2005, is incorrect, this case is in reference to the incident when Ms. Terri Warren, CD, 11CES, assaulted me. See (2) attachments of your memorandums. Requesting a confirmation in writing showing date received of case and the status thereof.

Your cooperation in advance is appreciated.

/S/

JUELITHIA G. ZELLARS
1708 Dennis Court
Forestville, Maryland 20747

October 4, 2005

Mr. Paul E. Lucas
HQ 11 WG/CCD
220 Brookley Ave. Bldg 4, 2nd Floor
Bolling AFB, DC 20032

Ref. Notice of Right to File
Discrimination Complaint – Docket
Number 9L2W05030 / Followup

Fax No. (202) 404-7533

Mr. Lucas:

A Discrimination Complaint, DD Form 2655 with the above docket number was faxed to you on September 21, 2005, as per your request. Ms. Youngblood, confirmed that the form was received on said date. However, the form was sent to me prematurely, I have not been assigned to a counselor nor has a counselor setup an appointment to meet with me, as of to date, to discuss the complaint. Request an appointment.

**P.S.**        __Your Office Forward me Incorrect Filing Dates:__
        __Please  Review__:                            __DISCREPANCIES__

Subject:  Acknowledgement of Receipt of Formal Discrimination Complaint –
        Docket Number 9L2W05002   incorrect filed 3/7/05 /should read 11/10/04

        Acknowledgement of Receipt of Formal Discrimination Complaint –
        Docket Number 9L2W04202  incorrect filed 10/21/04 /  should read 10/06/04

        Acknowledgement of Receipt of Formal Discrimination Complaint –
        Docket Number 9L2W05003 incorrect filed 2/7/05 /   should read  11/10/04

Thank you,

JUELITHIA G. ZELLARS
1708 Dennis Court
Forestville, Maryland  20747

September 16, 2005

MEMORANDUM FOR  Dennis Jasinski, Colonel, Commander
11th Civil Engineer Squadron
370 Brookley Avenue
Bolling AFB, DC 20032

FROM:  JUELITHIA G. Zellars
1708 Dennis Court
Forestville, Maryland 20747

SUBJECT:  Terri Warren, CD, Assaulted Juelithia Zellars, CEOE on May 13, 2005

Sir, "The incident took place on May 13, '05, in Washington, D.C., 11th Civil
Engineer Squadron, Bldg. 370 Brookley Ave, Bolling AFB.  Ms. Warren, 11
CES/CD became angry, raised her voice and pointed her fingers at the Plaintiff, she
rushed twice towards me, as to indicated she was going to hurt me.  I thought she
was going to hurt me –do-some type of bodily harm."  See statement of witness."

Ms. Blyth McGinty was asked to call the police immediately because of the assault
by Ms. Terri Warren.  Ms. McGinty, Chief, Human Resource, (Pers.off), Bldg. 370
should had informed you about the incident. Ms. Terri Warren assaulted Ms. Zellars
on May 13, 2005, and that two people had reported the incident to her, simultaneously.
The military base police made their presence known on the site, and took police reports.

There is no justification for Ms. Warren's actions, there are numerous readings on the
subject—local Memorandum of Agreement (MOA), American Federation of
Government Employees, AFGE Local 1092, AFL-CIO the federal statue and AFI 36-
703, Civilian Conduct and Responsibility, AFI 36-2909, Pro, and Unprofessional…

Sir, 4 months has passed, I have been on and off sick leave, requesting (leave
without pay) until further notice, approval granted, due to the stress of this incident
on May 13, 2005, had aggravated a condition, only to find out later, I was placed on
AWOL.  I have not heard anything from your office, Ms. McGinty, Chief, of
Human Resource, or nothing from my supervisors in reference to the incident.  No
apology, get well card, or explanation of the incident.  I am still waiting.  Sir,
please respond to me in writing, 1) All related findings, decision, interviews, results
on your investigation of this matter, 2) What was Ms. Warren charged offense?
3) Why you, nor your office representative contact Ms. Zellars in reference to the
incident on May 13, 2005 in July '05? 4) How did your decision, benefit Ms. Zellars?

Sir, please respond to Juelithia Zellars, Pro se, in writing no later than September 23, 05.
(witness statements located in Security Forces Office/Files)  Thank you,

*Juelithia G. Zellars*
JUELITHIA G. ZELLARS  9/16/05   (301) 324-1107   (Remedies to be cited)

TRANSMISSION VERIFICATION REPORT

```
                                    TIME  : 09/16/2005 17:04
                                    NAME  : STAPLES
                                    FAX   : 3014998816
                                    TEL   : 3014998813
```

```
DATE,TIME                09/16  17:04
FAX NO./NAME             ✓2027671398
DURATION                 00:00:37
PAGE(S)                  02
RESULT                   OK
MODE                     STANDARD
                         ECM
```

September 16, 2005

MEMORANDUM FOR  Cheri Andino, Colonel, Mission Support Command
                20 MacDill Blvd, Suite 200
                Bolling AFB, DC  20032

FROM:  JUELITHIA G. Zellars
       1708 Dennis Court
       Forestville, Maryland  20747

SUBJECT:  Terri Warren, CD, Assaulted Juelithia Zellars, CEOE on May 13, 2005
          Copy of Letter sent to Col Dennis Jasinski, Commander 11 CES/CC

Sir, "The incident took place on May 13, '05, in Washington, D.C., 11[th] Civil
Engineer Squadron, Bldg. 370 Brookley Ave, Bolling AFB. Ms. Warren, 11
CES/CD became angry, raised her voice and pointed her fingers at the Plaintiff, she
rushed twice towards me, as to indicated she was going to hurt me. I thought she
was going to hurt me -do-some type of bodily harm." See statement of witness."

Ms. Blyth McGinty was asked to call the police immediately because of the assault
by Ms. Terri Warren. Ms. McGinty, Chief, Human Resource, (Pers.off), Bldg. 370
should had informed you about the incident. Ms. Terri Warren assaulted Ms. Zellars
on May 13, 2005, and that two people had reported the incident to her, simultaneously.
The military base police made their presence known on the site, and took police reports.

There is no justification for Ms. Warren's actions, there are numerous readings on the
subject—local Memorandum of Agreement (MOA), American Federation of
Government Employees, AFGE Local 1092, AFL-CIO the federal statue and AFI 36-
703, Civilian Conduct and Responsibility, AFI 36-2909, Pro, and Unprofessional...

Sir, 4 months has passed, I have been on and off sick leave, requesting (leave
without pay) until further notice, approval granted, due to the stress of this incident
on May 13, 2005, had aggravated a condition, only to find out later, I was placed on
AWOL. I have not heard anything from your office, Ms. McGinty, Chief, of
Human Resource, or nothing from my supervisors in reference to the incident. No
apology, get well card, or explanation of the incident. I am still waiting. Sir,
please respond to me in writing, 1) All related findings, decision, interviews, results
on your investigation of this matter, 2) What was Ms. Warren charged offense?
3) Why you, nor your office representative contact Ms. Zellars in reference to the
incident on May 13, 2005 in July '05? 4) How did your decision, benefit Ms. Zellars?
Sir, please respond to Juelithia Zellars, Pro se, in writing no later than September 23, 05.
-------------End of message
Ma'am, please respond to Juelithia Zellars, Pro se, in writing no later than September 24,
2005. (witness statements located in Security Forces Office Files) Thank you,

*JUELITHIA G. ZELLARS*  9/6/05  (301) 324-1107 (Remedies to be cited)

TRANSMISSION VERIFICATION REPORT

```
                                    TIME  : 09/16/2005 17:07
                                    NAME  : STAPLES
                                    FAX   : 3014998816
                                    TEL   : 3014998813
```

```
DATE,TIME                    09/16  17:06
FAX NO./NAME                 2024048652
DURATION                     00:00:39
PAGE(S)                      02
RESULT                       OK
MODE                         STANDARD
                             ECM
```

September 16, 2005

MEMORANDUM FOR  Duane Jones, Colonel, 11 Wing Command
20 MacDill Blvd, Suite 300
Bolling AFB, DC 20032

FROM:  JUELITHIA G. Zellars
1708 Dennis Court
Forestville, Maryland 20747

SUBJECT:  Terri Warren, CD, Assaulted Juelithia Zellars, CEOE on May 13, 2005
Copy of Letter sent to Col Dennis Jasinski, Commander 11 CES/CC

Sir, "The incident took place on May 13, '05, in Washington, D.C., 11[th] Civil
Engineer Squadron, Bldg. 370 Brookley Ave, Bolling AFB. Ms. Warren, 11
CES/CD became angry, raised her voice and pointed her fingers at the Plaintiff, she
rushed twice towards me, as to indicated she was going to hurt me. I thought she
was going to hurt me -do-some type of bodily harm." See statement of witness."

Ms. Blyth McGinty was asked to call the police immediately because of the assault
by Ms. Terri Warren. Ms. McGinty, Chief, Human Resource, (Pers.off), Bldg. 370
should had informed you about the incident. Ms. Terri Warren assaulted Ms. Zellars
on May 13, 2005, and that two people had reported the incident to her, simultaneously.
The military base police made their presence known on the site, and took police reports.

There is no justification for Ms. Warren's actions, there are numerous readings on the
subject—local Memorandum of Agreement (MOA), American Federation of
Government Employees, AFGE Local 1092, AFL-CIO the federal statue and AFI 36-
703, Civilian Conduct and Responsibility, AFI 36-2909, Pro, and Unprofessional...

Sir, 4 months has passed, I have been on and off sick leave, requesting (leave
without pay) until further notice, approval granted, due to the stress of this incident
on May 13, 2005, had aggravated a condition, only to find out later, I was placed on
AWOL. I have not heard anything from your office, Ms. McGinty, Chief, of
Human Resource, or nothing from my supervisors in reference to the incident. No
apology, get well card, or explanation of the incident. I am still waiting. Sir,
please respond to me in writing, 1) All related findings, decision, interviews, results
on your investigation of this matter, 2) What was Ms. Warren charged offense?
3) Why you, nor your office representative contact Ms. Zellars in reference to the
incident on May 13, 2005 in July '05? 4) How did your decision, benefit Ms. Zellars?
Sir, please respond to Juelithia Zellars, Pro se, in writing no later than September 23, 05.
-------------End of message
Sir, please respond to Juelithia Zellars, Pro se, in writing no later than September 25,
2005. (witness statements located in Security Forces Office Files) Thank you,

JUELITHIA G. ZELLARS  9/16/05  (301) 324-1107   (Remedies to be cited)

TRANSMISSION VERIFICATION REPORT

```
                                    TIME  : 09/16/2005 17:09
                                    NAME  : STAPLES
                                    FAX   : 3014998816
                                    TEL   : 3014998813
```

```
DATE,TIME              09/16  17:08
FAX NO./NAME           2024047540
DURATION               00:00:38
PAGE(S)                02
RESULT                 OK
MODE                   STANDARD
                       ECM
```