UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Juelithia G. Zellars, | ) |
| Plaintiff, | ) Civil Action No. 05-1670(RBW) |
| v. | ) |
| Ms. Terrie Warren, | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT**

Defendant files this Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss which Plaintiff terms an "Opposition to Defendant's Motion to Cease Temporary Retraining Order."

In her opposition, Ms. Zellars admits the operative facts which require that her complaint be dismissed for a lack of subject matter jurisdiction. Ms. Zellars admits that she is a federal employee allegedly injured while at work, that the named plaintiff, Ms. Terrie Warren, is also a federal employee and was acting within the scope of her employment and that Ms. Zellars is presently appealing her termination.

Because Ms. Zellars is a federal employee her exclusive remedy for any injury sustained on the job is pursuant to the Federal Employees Compensation Act (FECA), 5 U.S.C. §§ 8101 et seq. Ms. Zellars argues that "if an employee is injured at work through the master's negligence then the master is legally responsible for those injuries." Docket entry 15 page 1. However, Ms. Zellars does not and cannot offer any rationale for bypassing FECA as the

exclusive remedy for any injury allegedly suffered by a federal employee.

Likewise, Ms. Zellars admits that Ms. Warren was acting within the scope of her federal employment. Ms. Zellars states "Ms. Terri Warren, Deputy Base Civil Engineer at Bolling Air Force Base, in regards to this incident is considered a servant, and the U.S. Federal Government. is liable for Ms.Warren's actions, U.S. Federal Government/United States meaning, master." Plaintiff's argument that the United States should not be substituted is illogical.

The scope certification made pursuant to 28 U.S.C. § 2679(d)(2) that Teresa Warren was acting within the scope of her office or employment at the time of the alleged incidents provides "prima facie" evidence as to the correctness of the scope ruling. Kimbro v. Velten, 30 F.3d 1501, 1509 (D.C. Cir. 1994). The certification "creates a rebuttable presumption that [the employee] was acting within the scope of his employment." Hosey v. Jacobik, 966 F. Supp. 12, 14 (D.D.C. 1997). "The burden therefore shifts to [the plaintiff] to come forward with 'competent evidence supporting the facts . . . necessary to support a conclusion that the defendant acted beyond the scope of his employment.'" Koch v. United States, 209 F. Supp. 2d 89 (D.D.C. 2002) quoting Melo, 13 F.3d at 747. Plaintiff does not offer any facts or evidence to meet her burden, but rather corroborates the certification.

With the United States properly substituted the issue becomes the United States' sovereign immunity. Claims against the United States are barred by sovereign immunity unless there is an applicable statutory waiver. Although the Federal Tort Claims Act is a waiver of sovereign immunity, certain types of claims are excepted from its coverage. One such exception is for any "claim arising out of assault [or] battery." 28 U.S.C. § 2680(h).

Even assuming that Plaintiff's tort claim legitimately stated a cause of action for which

2

the FTCA does provide a waiver of sovereign immunity, the claim must be dismissed because the Plaintiff failed to exhaust mandatory administrative remedies under the FTCA. This failure divests the Court of subject matter jurisdiction over the tort claim. Plaintiff does not allege, much less provide competent evidence, that she filed an administrative claim with the agency. Plaintiff merely states she sent e-mails to three Air Force Colonels on September 16, 2005 as meeting her requirement to exhaust. However, the e-mails do not make a claim for a sum certain. As this court recently explained, "an action shall not be instituted against the United States for damages caused by the negligent or wrongful act of any employee of the government unless the claimant shall have first presented the claim to the appropriate Federal agency." Tri-State Hosp. Supply Corp. v. United States, 226 F.R.D. 118, 127 (D.D.C. 2005) quoting Bembenista v. United States, 866 F.2d 493, 499 (D.C. Cir. 1989) The court further stated that "the applicable regulations, found at 28 C.F.R. § 14.12(a) (1988), provide that an FTCA claim shall be deemed 'presented' when a federal agency receives an SF-95 'or other written notification of an incident, accompanied by a claim for money damages in sum certain.'" Tri-State, 226 F.R.D. at 127

  Even if the e-mails met the requirements of the FTCA, they were sent 26 days after the case was removed to federal court, and 57 days after plaintiff initially filed her lawsuit in superior court. Suits filed before filing an administrative claim or before six months have passed since filing of administrative claim must be dismissed as the court has no jurisdiction. McNeil v. United States, 508 U.S. 106 (1993).

  Finally, in addition to the alleged tort, Ms. Zellars continues to raise issues related to her federal employment. However, Ms. Zellars acknowledges that she was terminated from her position after the filing of her complaint and that she is presently appealing the termination.

Docket number 15, page 5.  Disputes concerning adverse personnel actions such as removals may not be brought originally in a federal district court but must instead be resolved in accordance with the procedures set forth in the Civil Service Reform Act (CSRA), 5 U.S.C. Sec. 7101 et. seq.  <u>Veit v. Heckler</u>, 746 F.2d 508, 511 (9th Cir. 1984); <u>Coyle v. Adleman</u>, 705 F.Supp. 48 (D.D.C. 1989).  For non-discrimination claims, this court would not have jurisdiction over Plaintiff's claims even following exhaustion.  Title 5 U.S.C. §7703 requires that review of final orders or final decisions of the MSPB that do not involve discrimination shall be filed in the United States Court of Appeals for the Federal Circuit.

Even if plaintiff's claim could somehow be construed as stating a claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e, et seq. plaintiff would still have to exhaust her administrative remedies before filing suit.  Exhaustion of administrative remedies is a prerequisite to the filing of a civil suit asserting claims of employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 200e, et seq. <u>Brown v. General Services Administration</u>, 425 U.S. 820, 832 (1976); <u>Lockamy v. Truesdale</u>, 182 F. Supp. 2d 26, 31 (D.D.C. 2001); 42 U.S.C. § 2000e-16(c).  Plaintiff's acknowledgment that she is in the midst of the administrative process confirms that she has not exhausted her administrative remedies.

Plaintiff casts her opposition as being in response to defendants "Motion to Cease Temporary Retraining Order," despite the fact that this court has already vacated the Superior Court's order and denied her request for a temporary restraining order.  See Docket number 4 and minute entry of September 6, 2005.  Plaintiff has the burden of pleading and proving jurisdiction.  Plaintiff's reply not only fails to meet this burden but instead establishes that the court lacks

jurisdiction.

        Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney


_____
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney


_____
KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
555 4th Street, NW
Washington, D.C. 20530
(202) 353-9895

**Certificate of Service**

I certify I caused a copy of the foregoing Reply to be served by first class mail upon *pro se* plaintiffs at:

    Juelithia G. Zellars,
    1708 Dennis Court
    Forestville, Maryland 20747

on this 29th day of August 2005.

_____
KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
555 4th Street, NW
Washington, D.C. 20530
(202) 353-9895